# Mobile and Montgomery Railway Company *v.* McKellar.

## *Damages.*

1. *A railroad corporation may commit trespass.*—Railroad corporations may commit trespass.
2. *An action of trespass can not be changed by amendment.*—An action of trespass can not be changed by an amendment of the complaint into a special action on the case.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN K. HENRY.

[Mobile and Montgomery Railway Co. v. McKellar.]

This action was brought by Alexander McKellar in the Circuit Court of Butler county, against the Mobile and Montgomery Railway Company, to recover damages for killing a cow. The original complaint was in these words :

" The plaintiff claims of the defendant, a corporation under the laws of Alabama, and doing business in the State of Alabama, the sum of two hundred and fifty dollars for wrongfully killing and destroying the following property, viz.: One milch cow, of the value of one hundred dollars.

" The same plaintiff claims of the same defendant the further sum of two hundred and fifty dollars as damages for wrongfully killing and destroying one milch cow, the property of the plaintiff, of the value of one hundred dollars, by running over, against or upon said cow of plaintiff by and with a train of cars and engine attached, belonging to defendant, at, to-wit, in Butler county, on, to-wit, the 15th day of June, 1876, wherefore he brings this suit."

The plaintiff asked leave to amend the first count by inserting the words, " and negligently," before the word killing. To the allowance of this amendment defendant objected, because it would change the form of action, and alter a count in trespass to a count in case. But the court overruled the objection, and the defendant excepted.

The plaintiff also asked leave to amend the second count by adding after 1876, these words : " And plaintiff avers that the killing aforesaid was negligent, or the result of negligence on the part of the corporation, its servants or agents at the time and place aforesaid." To the allowance of this amendment the defendant excepted.

The defendant then demurred on the ground " that the complaint contained one count in trespass and one count in case, which can not be joined in the same action." But the court overruled the demurrer, and the defendant excepted.

As the pleadings present the only question decided, it is unnecessary to state the facts of the case.

HERBERT & BUELL, for appellant.—1. Both counts of the original complaint are in trespass.—1 Chitty's Plead. 127 ; 35 Ala. 184 ; Revised Code, p. 677. It may be doubted if the addition of the words, "and negligently," changed its form to case. Such was certainly the effect of the amendment in the second count. Such an amendment is not permissible.—57 Ala. 186 ; 29 Ala. 623 ; McLemore v. Brassell, Head-note 1876, p. 169.

2. If the amendment did not change the first count from.

trespass to case, then the demurrer to the complaint, as amended, should have been sustained, because it contained one count in trespass and one in case, which can not be joined.—19 Ala. 760; 35 Ala. 184.

GAMBLE & BOLLING, for appellee.—The amendment to the complaint was properly allowed by the court.—53 Ala. 47. Nor was there a misjoinder of counts.—37 Ala. 550; 4 Port. 17.

STONE, J.—We have said that the introduction of steam as a motive power, has wrought some changes in the application of legal principles.—See *Satterfield v. Mobile Trade Company*, and *Tanner v. Louisville and Nashville R. R. Co.* (in manuscript.) Corporations—especially railroad corporations—may commit trespass.—2 Addison on Torts, 720, 1117 to 1123; *Smith v. Birmingham and Staffordshire Gas Light Co.* 1 Adol. & El. 526; 1 Redf. on Railways, 365, 511; *Ormsby v. M. & W. P. R. R. Co.* 37 Ala. 560.

The original complaint in this cause was clearly in trespass.—*Williams v. Ivey*, 37 Ala. 244; *Ragsdale v. Bowles*, 16 Ala. 62; *Sheppard v. Furniss*, 19 Ala. 760. The wrong charged was possibly, direct and immediate, which is the distinguishing characteristic of trespass. The amended complaint charges the injury complained of to the negligence of the corporation and its employees. This makes a special action on the case. It is not permissible, by amendment, to change the form of action.—*McLemore v. Brassell*, at December term, 1876, and authorities cited. We feel compelled to hold that the amendment made was not allowable under our uniform rulings, from which we do not feel at liberty to depart.—*Crimm v. Crawford*, 29 Ala. 623; 1 Brick. Dig. 22, §§ 16, 17, 18.

Judgment of the Circuit Court reversed, and cause remanded.