(135 So. 643)

## MYERS v. BAKER.
### 4 Div. 768.

Court of Appeals of Alabama.
June 9, 1931.

Rehearing Denied June 30, 1931.

O. S. Lewis and T. E. Buntin, both of Dothan, for appellant.

Sollie & Sollie, of Ozark, for appellee.

· SAMFORD, J.

The complaint was in one count, as follows: "Plaintiff claims of the defendant Eight Hundred Dollars ($800.00) damages, with interest thereon, for that heretofore, on or about the 27th day of January, 1924, while defendant was driving and in possession of one Dodge automobile, which belonged to him, upon a journey he was then making along the public road and highway, leading from Banks to Troy, in Pike County, Alabama, defendant committed a trespass upon plaintiff's said car, in that wrongfully and with great force defendant ran his own automobile against and into plaintiff's said automobile, and broke, bruised, bent and injured its wheels, and all the parts thereof; punctured, bruised and injured its tires and tubes and all the parts thereof; broke, bent, bruised and injured its chassis and all the parts thereof; broke, bent, bruised and injured generally its motor and all the parts thereof; broke, bent, bruised and injured generally its engine and all the parts thereof; broke, bent, bruised and injured generally its seats and body and all the parts· thereof; broke, bent, bruised and generally injured its top and all parts thereof; and rendered it substantially valueless, to the damage of plaintiff, in said sum, for the recovery of which, with the interest thereon, plaintiff sues." This complaint follows the complaint in Mobile & M. Ry. Co. v. McKellar, 59 Ala. 458, and sufficiently states a cause of action in trespass. 38 Cyc. p. 1080 (c). The court did not err in overruling the demurrers.

The remaining errors assigned and insisted upon depend upon whether there is evidence tending to prove a trespass to plaintiff's car rather than a negligent injury to same. If, as a matter of law, the facts as proven tend to prove only a case of simple negligence, there can be no recovery; whereas, if the facts tend to prove an intentional or a grossly negligent act on the part of defendant accompanied by force and as a result thereof plaintiff's car was injured, the plaintiff would be entitled to recover. Oswalt v. Smith, 97 Ala. 627, 12 So. 604; Pruitt v. Ellington, 59 Ala. 454.

The facts in this case briefly stated are: The plaintiff was on the highway between Troy and Brundidge driving his automobile in the direction of Troy; he was on the right of the road, with his right wheels near the edge of the road; the road at this point was about forty feet wide; it was dark and his headlights were burning and he was running about twenty miles per hour. Defendant was coming from Troy in his car; his headlights were burning; he was traveling on the right side of the road coming from Troy, until he got within about forty feet of plaintiff's car, when he turned suddenly to the left without warning, striking plaintiff's car on the left side, completely demolishing it. Defendant admitted that he turned just before striking plaintiff's car and that when he struck his car was on the wrong side of the road, but said he knew the road and knew there was some soft dirt in a washout on his side of the road and he swerved in order to avoid this dirt. That the act was wrongfully done admits of but little doubt. That defendant drove his car forcibly against plaintiff's admits of no doubt at all. The intent is to be presumed from the act itself. The law presumes that every person intends to do that which he does. Stein v. State, 37 Ala. 123.

The whole was a question for the jury, and we are clearly of the opinion that the questions were submitted to them without error.

There being no error, the judgment is affirmed.

Affirmed.