On August 4, 1997, William Keith Lowery sued Sherry L. Densmore, asserting claims of negligence, wantonness, and trespass. Densmore filed a summary judgment motion, asserting that Lowery's claims were barred by the applicable statutes of limitations. Lowery filed an opposition to the summary judgment motion. Following a hearing, the trial court granted the summary judgment motion and taxed costs against Lowery.
Lowery appeals, contending that the trial court erred in granting the summary judgment motion on his trespass claim.
The record reveals the following facts: On February 23, 1995, Densmore, while intoxicated, was driving her automobile on a certain roadway in Huntsville. Densmore caused and/or allowed her vehicle to leave the roadway and to collide with two automobiles owned by Lowery. Both of Lowery's automobiles sustained damage.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Lewis v. State Farm Mut. Auto. Ins.Co., 705 So.2d 503 (Ala.Civ.App. 1997). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
An action for trespass to real or personal property must be commenced within six years of the act. 6-2-34(2), Ala. Code 1975. An action for trespass on the case must be commenced within two years of the act. 6-2-38(1), Ala. Code 1975. Our supreme court has held that the distinction between trespass and trespass on the case "lies in the directness or immediate character of the injury. An injury is to be regarded as immediate, and therefore a trespass, only where it is directly occasioned by, and is not merely a consequence resulting from, the act complained." Sasserv. Dixon, 290 Ala. 17, 19, 273 So.2d 182, 183 (1973). See alsoLovell v. Acera, 500 So.2d 1082 (Ala. 1986). A trespass is an intentional or wanton direct application of force by a defendant or under his or her authority. Sasser. Trespass on the case occurs when there is a negligent unintentional application of force or where there was an intentional act committed by an individual for whom the defendant is legally responsible, such as respondeatsuperior liability. Id.
After carefully reviewing the record, we conclude that Lowery presented substantial evidence that Densmore's trespass was directly occasioned by force and injury; therefore, Lowery's action was properly for trespass and not trespass on the case.
Accordingly, the trial court erred in entering a summary judgment on Lowery's trespass claim.
We affirm the summary judgment on Lowery's negligence and wantonness claims and reverse the summary judgment on Lowery's trespass claim.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.