887 So.2d 861 (2004)
Rebecca McKENZIE
v.
George KILLIAN III.
1021616.
Supreme Court of Alabama.
March 5, 2004.
*863 W. Eugene Rutledge, Birmingham, for appellant.
Ralph D. Gaines III, Staci G. Cornelius, and Brian H. Tobin of Gaines, Wolter & Kinney, P.C., Birmingham, for appellee.
LYONS, Justice.
Rebecca McKenzie appeals from the trial court's summary judgment against her in her action against George Killian III. We affirm.
On November 18, 2000, McKenzie stopped her vehicle on an interstate highway in Hoover while officials were clearing a previous accident. Killian, according to the accident report, entered the interstate from an entry ramp, was blinded by sunlight, and collided with the left rear of McKenzie's vehicle. Also according to the accident report, a third motorist, Samuel Barber II, followed Killian on to the interstate. After Killian's vehicle struck McKenzie's vehicle, Barber collided with the right rear of McKenzie's vehicle.
On November 18, 2002, McKenzie sued Barber and fictitiously named defendants, alleging that their negligent, willful, and/or wanton acts caused the accident. On January 6, 2003, McKenzie amended her complaint to substitute Killian for a fictitiously named defendant. Killian filed a motion for a summary judgment, arguing that McKenzie's negligence and wantonness claims were barred by the two-year statute of limitations set forth in § 6-2-38, Ala.Code 1975. Specifically, Killian argued that McKenzie was aware of his identity through correspondence from the insurance company and the accident report; therefore, he argued, McKenzie could not substitute him for a fictitiously named defendant after the lapse of the two-year statutory limitations period. McKenzie responded by arguing that her wantonness claims were grounded in an action for trespass and were therefore governed by the six-year statutory period of limitations set forth in § 6-2-34(1), Ala.Code 1975.
The trial court entered a summary judgment for Killian as to McKenzie's negligence and wantonness claims. In its summary-judgment order, the trial court concluded that McKenzie's failure to exercise due diligence in ascertaining the identity of the responsible party precluded her from relying upon Rule 9(h), Ala. R. Civ. P., for substituting him for the fictitiously named defendant; thus, the trial court concluded, the filing of the complaint with allegations against fictitiously named parties did not save McKenzie from Killian's statute-of-limitations defense. The trial court, in disposing of McKenzie's contention that a six-year, rather than a two-year, statute of limitations applied relied upon Lowery v. Densmore, 739 So.2d 1115 (Ala.Civ.App.1998), and stated, "[T]respass is an intentional or wanton direct application of force by defendant or under his or her authority." Then, the trial court concluded that "there is no evidence to establish a willful or wanton application of force." The trial court made the summary judgment final pursuant to Rule 54(b) and noted as follows in its certification order:
"It has been stated that the statutory period of limitations for negligence and wantonness actions is two years from the date the injury occurred. However, it has also been held that [in] an automobile accident where it is alleged that the defendant committed a trespass wrongfully and with great force, the plaintiff may recover if the facts prove an intentional or grossly negligent act, although there could be no recovery for simple negligence. Myers v. Baker, 24 Ala.App. 387, 136 [135] So. 643 (1931)."
McKenzie appealed.
Before this Court McKenzie does not challenge the trial court's adverse ruling *864 on her negligence claim rejecting her effort to substitute Killian for a fictitiously named party, based on the statute of limitations. McKenzie maintains on appeal, just as she did in the trial court, that her wantonness claim against Killian constitutes an action in trespass. McKenzie argues that intent should be irrelevant in determining whether an act constitutes trespass. Instead, she says, Alabama courts should label an action trespass if an injury is caused by a direct force and the injury is immediate rather than consequential. McKenzie contends that personal injuries sustained in a vehicular collision are injuries immediately inflicted by a direct force. McKenzie refers us to a law review article by Linda Suzanne Webb, Limitation of Tort Actions under Alabama Law: Distinguishing between the Two-Year and the Six-Year Statutes of Limitations, 49 Ala. L.Rev. 1049 (Spring 1998) (hereinafter "the Webb article"), for a discussion of the issue.
Killian responds that McKenzie's analysis is flawed because labeling a tort as a trespass simply because the injury is caused by direct force would convert several unintentional torts into trespasses without the necessary element of intent. Furthermore, Killian argues that the summary judgment should be affirmed because, he argues, McKenzie has not presented any evidence that his action constituted wantonness. Killian offered the accident report in support of his motion for a summary judgment as evidence relevant only to his defense that McKenzie was not ignorant of his identity, thereby rendering unavailable substitution by fictitious-party practice under Rule 9(h). This Court has previously stated that we will affirm a judgment on any valid legal ground contained in the record regardless of whether that ground was considered by the trial court, Ex parte Ryals, 773 So.2d 1011 (Ala.2000); however, that rule has no application
"where a summary-judgment movant has not asserted before the trial court a failure of the non-movant's evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element, Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala.2001) (quoting Celotex Corp. V. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), and Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala.2003)."
Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013 (Ala.2003) (holding that this Court can affirm the judgment of the trial court for a reason that is supported by evidence in the record). See also First Fin. Ins. Co. v. Tillery, 626 So.2d 1252, 1254 (Ala.1993). Nevertheless, as previously noted, the trial court in its summary-judgment order held: "In this case there is no evidence to establish a willful or wanton application of force." While we do not have a transcript of proceedings before the trial court, we must conclude either that at the hearing on the motion Killian went beyond his contention relating solely to the unavailability of Rule 9(h) permitting his substitution for a defendant initially sued under a fictitious name or that the trial court, after the hearing and without oral argument on this issue from Killian, determined that there was no genuine issue as to a material fact on the question whether McKenzie could establish a willful or wanton application of force. While McKenzie does not challenge the summary judgment on this basis on appeal, she would be precluded from doing so, regardless of which of the two alternatives led to the trial court's finding of insufficiency of evidence. If Killian changed his grounds at the hearing, McKenzie could have challenged Killian's departure from the lone ground relied *865 upon in his motion for a summary judgment by invoking her right to 10 days' notice pursuant to Rule 56(c). But we must assume from the silent record that she failed to do so, and she has therefore waived any objection. Holleman v. Elmwood Cemetery Corp., 295 Ala. 267, 273, 327 So.2d 716, 720 (1976). Compare Payton v. Monsanto Co., 801 So.2d 829, 834 (Ala.2001) ("Before the trial court, Payton [the nonmovant] timely raised the issue of Monsanto's failure to meet its initial burden of proof on its defense of the statute of limitations, claiming that it was inappropriate to shift the burden to him to defeat Monsanto's motion for summary judgment. Consequently, this argument is available to Payton on appeal."). On the other hand, if the trial court's order relying upon insufficiency of the evidence came without prior argument from Killian, McKenzie would have to lay a predicate for error by timely objection in the trial court in the form of a motion to alter, amend, or vacate made pursuant to Rule 59(e) because this issue does not involve a question of law that has been the subject of a previous objection and ruling. See Barnes v. Dale, 530 So.2d 770, 777 (Ala.1988) ("[W]e know of no requirement for a party to renew his objection by way of a post-judgment JNOV motion on a pure question of law that had been previously objected to and ruled upon adversely by the trial court." (emphasis added)). See also Woodham v. New York Times Broad. Serv., Inc., 526 So.2d 5, 5 (Ala.1988) ("`The rationale behind the Wade [v. Pridmore, 361 So.2d 511 (Ala.1978)] decision and the general rules regarding the necessity for post-trial motions is that, ordinarily, issues not raised before the trial court may not be raised for the first time on appeal. Hutchins v. Shepard, 370 So.2d 275 (Ala.1979),'" quoting Green v. Taylor, 437 So.2d 1259, 1260 (Ala.1983) (emphasis added)).
In its statement in its Rule 54(b) certification order, the trial court cited Myers v. Baker, 24 Ala.App. 387, 135 So. 643 (1931), for the proposition that an automobile accident occurring "wrongfully and with great force," 24 Ala.App. at 388, 135 So. at 643, would constitute trespass if the facts prove an intentional or grossly negligent act. In Myers, the Court of Appeals stated:
"That the act was wrongfully done admits of but little doubt. That defendant drove his car forcibly against plaintiff's admits of no doubt at all. The intent is to be presumed from the act itself."
24 Ala.App. at 388, 135 So. at 644 (emphasis added).
We interpret the trial court's reference to Myers as indicative of the trial court's conclusion, correct we observe, that the evidence of Killian wrongfully driving his car forcibly against McKenzie's car sufficiently established trespass, if Myers accurately reflects the law of this State. Under Myers, the trial court's conclusion in its summary-judgment order that "there is no evidence to establish a willful or wanton application of force" is erroneous because Myers holds that intent may be presumed from the act of wrongfully driving one's motor vehicle forcibly against another's motor vehicle. Thus, if the trial court or this Court elected to follow Myers, Killian's motion for a summary judgment on the wantonness claim is due to be denied.
The trial court properly declined to follow Myers, thereby rejecting the view that a six-year statute of limitations must be applied because the intent is to be presumed from the act itself. However, in its summary-judgment order, against which the trial court's reference to Myers in its Rule 54(b) order must be juxtaposed, the trial court, as previously noted, relied upon Lowery v. Densmore. We do, nonetheless, affirm the trial court's summary judgment *866 for the reasons set forth below. See Taylor v. Stevenson, 820 So.2d 810, 814 (Ala.2001) ("We will affirm a trial court if it is right for any reason supported by the record."). Here, as previously noted, the record supports the affirmance on the ground that the evidence was insufficient to support McKenzie's wantonness claim, notwithstanding Killian's failure to assert that ground in his summary-judgment motion, because McKenzie failed to challenge below the trial court's reliance upon that ground. However, it is not possible to explain our rejection of Lowery v. Densmore, stated as controlling by the trial court in its order finding the evidence insufficient, without first addressing the standard by which the statute of limitations is applied to allegations of negligence and wantonness.
We can say with comfort that the statutory period of limitations for an action in trespass is six years and that the statutory period of limitations for an action in trespass on the case is two years. The distinction between trespass and trespass on the case has been a quagmire in Alabama jurisprudence for many years. See the Webb article. The battle lines have been drawn between causality (the relation between a cause and its effect) and intent. In Rhodes v. Roberts, 1 Stew. 145, 145 (Ala.1827), this Court spoke of trespass as follows:
"As to the form of action for the injury charged, whenever the injury is direct and immediate, whether it proceed from design or negligence, trespass will lie. But where the injury is merely consequential, the remedy must be by action on the case."
(Emphasis added.) Under this formulation, intent is irrelevant; the sole determinant is whether the injury was direct and immediate or merely consequential.[1] In 1852, the Legislature enacted Ala.Code, § 2477, providing a six-year statute of limitations for actions in trespass. Not long after that, and perhaps on account of that, this Court in Bell's Admn'r v. Troy, 35 Ala. 184 (Ala.1859), recognized the propriety of considering the defendant's culpability in an analysis of the components of an action in trespass. In Bell's Admn'r, this Court stated:
"It results from these plain principles, that a count which charges that Pleas [the defendant's slave] willfully burned the dwelling-house of plaintiff, and that said slave was instigated and persuaded thereto by the defendant, is, in form, a count in trespass, and charges the defendant with the commission of a felony.
"On the other hand, some of the counts, in both the original and amended complaints, charge on the defendant's intestate no actual or intentional procuration of the arson, but seek to base his liability on his negligently permitting Pleas, his slave, and of known bad character, to run at large, contrary to law. These counts, if they have any legal validity, are in case, and should not have been joined with a count in trespass."
35 Ala. at 202 (emphasis added). In Pruitt v. Ellington, 59 Ala. 454, 457 (1877), this Court similarly stated:
"For a tort committed with force and intentionally, the immediate consequence of which is injury, trespass is the appropriate remedy. If the injury proceeds from mere negligence, or is not *867 the immediate consequence of the tort, case is the appropriate remedy."
(Emphasis added.) In his scholarly dissenting opinion in Strozier v. Marchich, 380 So.2d 804, 806 (Ala.1980), Justice Jones pointed out that our cases from 1877 to 1921 "while retaining the causal terminology of the English common law, continued to distinguish between the two [trespass and trespass on the case] primarily on the basis of whether the injury-producing conduct was intentional or merely negligent."
An example of the retention of causal terminology while discussing the role of intent is City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389 (1903). There, the Court, after quoting from a count alleging wanton, willful, or intentional conduct causing an ice wagon to run against the plaintiff with great force, associated the allegation with wantonness, willfulness, or evil intention of the defendant actionable in trespass. In practically the same breath, the Court observed that "[t]he injury ascribed to the defendant is direct and immediate from force applied by it, and not merely from force applied by its servant within the scope of its employment." 139 Ala. at 167, 34 So. at 390.
Causality achieved some prominence in determining whether an action is one in trespass and therefore subject to a six-year statutory limitations period in Pan American Petroleum Co. v. Byars, 228 Ala. 372, 153 So. 616 (1934), a case involving a leaking gasoline tank in which a count in trespass was not supported by any evidence of intentional wrongdoing. After noting the absence of evidence to sustain the trespass count, the Court made the following problematic statement:
"The true distinction between trespass and trespass on case lies in the directness or immediate character of the injury. An injury is to be regarded as immediate, and therefore a trespass, only when it is directly occasioned by, and is not merely a consequence resulting from, the act complained of."
228 Ala. at 376, 153 So. at 619 (emphasis added). Nevertheless, intent was embraced as the determinative factor in Crotwell v. Cowan, 240 Ala. 119, 121, 198 So. 126, 127 (1940), where the Court held:
"Under the common law, the foundation for civil liability for injuries to persons and property consequent upon the unintentional application of force, whether the act be affirmative or omissive, is negligence, and the appropriate common law action is case, speaking more correctly, trespass on the case. But when force is intentionally applied by direct affirmative act it is trespass and the appropriate action for the recovery of damages therefore is trespass."
Under Crotwell, force, no matter how directly applied, constituted an action on the case when the application of force was not accompanied by intent.
The Court of Civil Appeals in City of Fairhope v. Raddcliffe, 48 Ala.App. 224, 225, 263 So.2d 682, 683 (Ala.Civ.App.1972), drawing from its interpretation of Louisville & Nashville R.R. v. Johns, 267 Ala. 261, 101 So.2d 265 (1958), resurrected the elimination of intent from the calculus of determining whether an action was trespass or trespass on the case. The court in City of Fairhope, in which the plaintiff complained of wanton misconduct in connection with leaking sewage, discussed Johns and then stated:
"It seems to be commonly accepted among the bar that a count alleging a willful or wanton act is always a charge in trespass. Such is not literally true. To be a trespass there must be an act of direct force producing injury or damage. A wanton omission of duty to act is not a trespass. There is no direct force *868 applied and the injury is not produced by application of force, but is consequential of an omission of a duty to act."
48 Ala.App. at 227, 263 So.2d at 684-85 (emphasis added). This Court embraced City of Fairhope in Sasser v. Dixon, 290 Ala. 17, 19, 273 So.2d 182, 183-84 (1973), holding a wantonness claim against a fellow employee to be trespass on the case. This Court stated:
"The true distinction between trespass and trespass on the case lies in the directness or immediate character of the injury. An injury is to be regarded as immediate, and therefore a trespass, only where it is directly occasioned by, and is not merely a consequence resulting from, the act complained of."
290 Ala. at 19, 273 So.2d at 183-84 (emphasis added). This Court cited Pan American Petroleum Co., City of Fairhope, and a case from a Florida appellate court as authority for the foregoing statement. Then, interestingly, this Court quoted from Crotwell, presumably as supporting authority. When this Court affirmed in Strozier, citing Sasser v. Dixon as its only authority, Justice Jones wrote his previously noted dissent.
A misreading of Johns underlies the result in Sasser and City of Fairhope. The Sasser Court quoted the following passage from Johns, which had been taken from a withdrawn opinion in Sibley v. Odum, 257 Ala. 292, 58 So.2d 896 (1952), as follows:
"`"`Trespass is of three aspects: (1) vi et armis (personal injuries by force directly applied); (2) de bonis asportatis (the carrying away of the goods of another); (3) quaere clausum fregit (direct injuries to the freehold).
"`"`They all carry the necessary element of an intentional (or wanton, its equivalent in law), direct application of force by the defendant or under his authority. Unless there is such direct force, there can be no trespass in any aspect.'"'"
Sasser, 290 Ala. at 20, 273 So.2d at 184 (emphasis added). Then, the Sasser Court quoted with approval from the Court of Civil Appeals' opinion in City of Fairhope:
"`... We state again that it is not the descriptive words "willful or wanton" which determine an act to be in trespass, but whether the act producing injury was one of application of direct force.'"
Sasser, 290 Ala. at 20, 273 So.2d at 185. Dependence upon the presence of direct force can be traced to the statement quoted in Johns from the withdrawn opinion in Sibley, quoted above, that "`[u]nless there is such direct force, there can be no trespass in any aspect.'" Johns, 267 Ala. at 277, 101 So.2d at 280 (emphasis added). However, the antecedent phrase to which "such" refers is "an intentional (or wanton, its equivalent in law)" direct force. Hence, the operative portion of Johns should be read to say, "[u]nless there is [an intentional (or wanton, its equivalent in law)] direct force, there can be no trespass in any aspect." Dependence upon the presence of direct force alone, involving considerations of causality only without regard to intent, as the determinative factor can be traced to Pan American Petroleum Co. but, as previously noted, Crotwell, released after Pan American Petroleum, resolved the question in light of intent alone.
In the years since Sasser, the test of causality, as opposed to intent, has been used in drawing the line between trespass and trespass on the case. See, e.g., Lovell v. Acrea, 500 So.2d 1082 (Ala.1986) (applying Sasser); Brown v. Schultz, 457 So.2d 388, 391 (Ala.1984) (applying Sasser); Cochran v. Hasty, 378 So.2d 1131, 1133 (Ala.Civ.App.1979) (applying City of Fairhope). See also Eidson v. Johns-Ridout's Chapels, Inc., 508 So.2d 697, 701 (Ala. *869 1987), which the Webb article describes as an example of Alabama cases that "simply cite many inconsistent decisions summarily." 49 Ala. L.Rev. at 1057 (footnote omitted). In Lowery v. Densmore, 739 So.2d at 1116, the case relied upon by the trial court in its summary-judgment order, the plaintiff alleged that an intoxicated motorist left the highway and collided with her automobile. She sued the motorist, alleging negligence, wantonness, and trespass. The trial court entered a summary judgment in favor of the defendant on all of these counts. The Court of Civil Appeals affirmed the summary judgment on the negligence and wanton counts, but reversed the summary judgment on the trespass count, holding as follows:
"Our supreme court has held that the distinction between trespass and trespass on the case `lies in the directness or immediate character of the injury. An injury is to be regarded as immediate, and therefore a trespass, only where it is directly occasioned by, and is not merely a consequence resulting from, the act complained of.' Sasser v. Dixon, 290 Ala. 17, 19, 273 So.2d 182, 183 (1973). See also Lovell v. Acrea, 500 So.2d 1082 (Ala.1986). A trespass is an intentional or wanton direct application of force by a defendant or under his or her authority. Sasser. Trespass on the case occurs when there is a negligent unintentional application of force or where there was an intentional act committed by an individual for whom the defendant is legally responsible, such as respondeat superior liability. Id.

"After carefully reviewing the record, we conclude that Lowery presented substantial evidence that Densmore's trespass was directly occasioned by force and injury; therefore, Lowery's action was properly for trespass and not trespass on the case. Accordingly, the trial court erred in entering a summary judgment on Lowery's trespass claim."
739 So.2d at 1116. Portions of the foregoing holding could just as easily support the conclusion that a wantonness claim involves the equivalent of an intentional application of force and would therefore be subject to a six-year statutory limitations period. However, the inclusion of the language in the holding that also deals with the issue in the context of a trespass "directly occasioned by force" is more consistent with the theory of causality.
Despite the emphasis in Sasser on causality, this Court stated in W.T. Ratliff Co. v. Henley, 405 So.2d 141, 146 (Ala.1981), decided eight years after Sasser, that
"in order for one to be liable to another for trespass, direct or indirect, the person must intentionally enter upon the land in the possession of another or the person must intentionally cause some `substance' or `thing' to enter upon another's land. That is, the intent to do the act which leads to the trespass is the requirement, not the intent to actually trespass."
(Citations omitted.) This rationale was followed by the Court of Civil Appeals in Easterling v. Awtrey Bldg. Corp., 770 So.2d 606 (Ala.Civ.App.1999).
Without any analysis, this Court stated in Henson v. Celtic Life Insurance Co., 621 So.2d 1268, 1274 (Ala.1993), that "[t]he statutory period of limitations for negligence and wantonness actions, found at Ala.Code 1975, § 6-2-38, is two years from the date the injury occurred." But, if Sasser is the law of this State today, on a causality analysis a vehicular collision involving the direct application of force should be governed by a six-year statute of limitations. This conclusion can be drawn from the manner in which the Sasser Court dealt with Doucet v. Middleton, 328 F.2d 97 (5th Cir.1964), in which the United *870 States Court of Appeals for the Fifth Circuit held that a complaint alleging that a defendant willfully or wantonly collided with the plaintiff's vehicle was an action in trespass governed by the six-year statute of limitations under Alabama law. In Sasser, this Court distinguished Doucet, noting that in Doucet"[t]he force was directly applied by the car driven by the defendant and the evidence supported a wanton count in trespass." Sasser, 290 Ala. at 20, 273 So.2d at 185.
The problem presented by the dependence upon causality is illustrated by the problematic result of allowing a less culpable wrongdoer to be exposed to a significantly longer statutory limitations period than that applicable to a more culpable wrongdoer, depending upon the character of force applied. See the Webb article for discussion of these anomalies. See also Justice Jones's dissenting opinion in Strozier. Justice Jones succinctly summed up the case for ending the confusion:
"Whatever vestige of the outmoded direct/indirect distinction between trespass and trespass on the case still exists in Alabama, I would now abandon and adopt instead the more modern tort concept of measuring the cause of action in terms of the degree of culpability of the alleged wrongful conduct. Wanton conduct, as that term is traditionally used and understood in the jurisprudence of our State, signifies the intentional doing of, or failing to do, an act, or discharge a duty, with the likelihood of injury to the person or property of another as a reasonably foreseeable consequence. Such conduct, resulting in injury, is actionable in trespass and governed by the six-year statute of limitations, in my opinion.
"The rationale for my view comports with the fundamental concepts of our fault-based system of tort law. One who injures another, or another's property, as a result of conduct intentionally committed should be held to a higher degree of accountability than one who injures another through a simple lack of due care. Just as the former, because of its higher degree of culpability, carries a potential for punitive damages, so should it also carry a longer period within which to enforce accountability for such intentional wrong. One who knowingly sets into motion, by intentionally doing (or failing to do) an act, a sequence of events resulting in reasonably foreseeable injury to another, whether the resulting injury is immediate or consequential, in my opinion, has committed a trespass within the contemplation of the six-year statute of limitations.
"Indeed, I have searched in vain for possible alternative policy considerations for limiting the period of accountability in certain tort cases to one year and in other cases to six years. I submit that the only logical, as well as the only defensible, basis for this difference is the extent of the wrong or the degree of culpability."
Strozier, 380 So.2d at 809-10 (emphasis added; footnote omitted). We embrace this reasoning today. We overrule Sasser and its progeny to the extent that those cases prefer the theory of causality over intent as the mechanism for distinguishing between actions for trespass and for trespass on the case. As the Court recognized in Johns, wanton conduct is the equivalent in law to intentional conduct. Such an allegation of intent renders the six-year statutory period of limitations applicable.
Having rejected the alternative posited to us in the trial court's Rule 54(b) certification  that the intent is to be presumed from the act itself for purposes of the application of the statute of limitations for trespass  we must now consider whether the evidence before the trial court *871 constituted wantonness. This Court reviews a motion for a summary judgment by the same standard as the trial court in deciding whether to grant or deny the motion. Sessions v. Espy, 854 So.2d 515 (Ala.2002). We must "`determin[e] whether the evidence presented to the trial court created a genuine issue of material fact'" and whether the moving party is entitled to prevail as a matter of law. Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002) (quoting Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala.2001)); Rule 56(c), Ala.R.Civ.P. "Our review [of a summary judgment] is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant." Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
We decline to apply the cryptic formulation in Lowery v. Densmore dealing with evidence of a "willful or wanton application of force" to gauge the sufficiency of McKenzie's wantonness claim. In Alfa Mutual Insurance Co. v. Roush, 723 So.2d 1250, 1256 (Ala.1998), we defined wantonness as follows:
"`Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala.1994). To prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff."
The evidence before us concerning the accident consists solely of the accident report attached as an exhibit to Killian's motion for a summary judgment. Killian argues before us that the report is inadmissible hearsay, but, having offered the report in support of his summary-judgment motion, he cannot now be heard to object to the report based upon hearsay.
The trial court concluded in its summary-judgment order: "There is evidence before the court that [Killian] was blinded by the sun and swerved to avoid [McKenzie] who had stopped because of an accident." Continuing, the trial court stated, "Defendant Killian's vehicle hit the left rear of [McKenzie's] vehicle." This summary amply expresses the import of the accident report. Additional facts gleaned from the report establish that Killian was not exceeding the speed limit when he collided with McKenzie's vehicle. We have no evidence in the form of affidavits or deposition testimony of either party. Based on the facts before us, we cannot conclude that Killian consciously did some act or omitted some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury would likely or probably result. We therefore affirm the trial court's summary judgment based on the standard for wantonness set forth in Roush.
In summary, we affirm the trial court's rejection of the rule stated in Myers v. Baker, inferring intent from the doing of the act, for determining whether trespass is the appropriate form of action for statute-of-limitations purposes. We affirm the trial court's summary judgment in favor of Killian based on the facts before us on authority of Roush.
AFFIRMED.
HOUSTON, SEE, JOHNSTONE, and HARWOOD, JJ., concur.
BROWN, WOODALL, and STUART, JJ., concur in the result.
NOTES
[1] Carried to its logical conclusion this theory would require us to reverse the trial court's summary judgment on the negligence claim. Of course, as previously noted, McKenzie does not argue error with respect to the trial court's summary judgment on the negligence claim.