The plaintiffs' complaint was filed more than two years, but less than six years, after the accrual of their causes of action arising from the May 22, 2002, automobile collision. The importance in this case of a factual dispute concerning whether Essary's conduct was "wanton" stems from McKenzie v.Killian, 887 So.2d 861, 870 (Ala. 2004), in which the Alabama Supreme Court opined that "wanton conduct is the equivalent in law to intentional conduct" so as to be actionable in trespass and held that "intent renders the six-year statutory period of limitations applicable" (rather than the two-year residual personal-injury limitations period). Compare
§ 6-2-34(1), Ala. Code 1975, with
§ 6-2-38(l), Ala. Code 1975. As the main opinion demonstrates, there is a genuine factual issue in this case regarding Essary's state of mind, and I therefore concur in the reversal of the trial court's judgment as to the plaintiffs' wantonness claim.
CRAWLEY, P.J., concurs.
MURDOCK, Judge, concurring in part and dissenting in part.
Under the facts of this case, I would affirm the trial court's judgment in its entirety.