SHAW, Justice
(concurring specially).
I concur to overrule the application for rehearing. However, I write specially to acknowledge the concerns expressed on rehearing by the defendant welding-rod manufacturers and amici curiae Business Council of Alabama and Alabama Defense Lawyers Association that application of the six-year limitations period set out in McKenzie v. Killian, 887 So.2d 861 (Ala.2004), to Charles E. Jerkins’s wantonness claim will have the unintended effect of reviving wantonness claims that would otherwise be subject to the two-year limitations bar that predated McKenzie. Specifically, the welding-rod manufacturers argue:
“In answering the second certified question, this Court acknowledged that McKenzie was wrongly decided, as it recently held in Ex parte Capstone Building Corp., [[Ms. 1090966, June 3, 2011] — So.3d - (Ala.2011) ] (overruling McKenzie). But it nonetheless applied McKenzie’s, erroneous six-year rule to plaintiffs wantonness claim—allowing him to sue for any injury he could link to an exposure that occurred in the six years prior to his commencement of suit—because he ‘filed ... before McKenzie was overruled.’ (103 So.3d at 9, Jerkins v. Lincoln Elec. Co., 103 So.3d 1 (Ala. June 30, 2011).) In so ruling, the Court looked only to the question of how Capstone should be applied to a case filed before it was decided, not to the question posed by the federal court as to how McKenzie should be applied to claims that arose before it was decided.
“The Court thought it was necessary to apply McKenzie’s rule because of a concern that applying a two-year limitations rule would deprive plaintiff of a ‘vested right’ in a claim that would have been timely under McKenzie. But the Court apparently overlooked the fact that many of plaintiffs alleged exposures occurred more than two years be *16 fore the decision in McKenzie and were thus already stale under the limitations period that was applicable before McKenzie was decided. It thus did not address whether McKenzie resurrected claims based on those older exposures, notwithstanding defendants’ own vested rights in the repose afforded to them under the previously applicable two-year limitations period.
“Defendants seek rehearing solely as to this narrow issue, and ask the Court to conclude that McKenzie’s rule should only apply as to claims that were not already stale under the previously applicable two-year limitations period on the date McKenzie was decided. Because the Jerkins decision did not specifically address this issue, defendants respectfully submit that the Court overlooked or misapprehended significant points of law and fact, warranting rehearing of that issue. See Ala. R.App. P. 40(b).”
(Footnote omitted.)
As I understand the welding-rod manufacturers’ argument, they do not challenge this Court’s answer to the first certified question, which was summarized in the instant opinion on original submission as follows: “A plaintiff injured by long-term continuous exposure to a toxic substance is limited to recovering damages attributable to injuries occurring within the period of limitations.” 103 So.3d at 11. They object, instead, to this Court’s answer to the second certified question, which authorizes the application of the six-year limitations period and, by extension, a six-year period of recovery for damages to Jerkins’s wantonness claim. In other words, the specific concern of the welding-rod manufacturers seems to be their perception that there is a constitutional impediment to allowing Jerkins to recover damages attributable to injuries occurring during the six-year period preceding the filing of his action.
Amici curiae argue generally that any application of McKenzie so as to revive a wantonness claim that would otherwise be subject to the bar of the pre-McKenzie two-year limitations period would be unconstitutional. They state:
“[F]or example, a plaintiff whose cause of action for wantonness accrued on March 4, 2002, but who had not yet filed a claim for that tort when McKenzie was decided on March 5, 2004, had already allowed his right to assert that claim [to] lapse. At that point, the defendant had a vested right in its limitations defense.”
(Emphasis in original.)
The welding-rod manufacturers and ami-ci curiae cite Ala. Const. 1901, art. IV, § 95, and various cases in support of their position that a change in a statute of limitations, either directly by the legislature or indirectly by this Court, cannot operate to revive a cause of action already subject to the bar of a previous limitations period. See, e.g., Johnson v. Garlock, Inc., 682 So.2d 25, 27-28 (Ala.1996); Ex parte State Dep’t of Revenue, 667 So.2d 1372, 1374 (Ala.1995); Crawford v. Springle, 631 So.2d 880, 881 (Ala.1993); and Lader v. Lowder Realty Better Homes & Gardens, 512 So.2d 1331, 1333 (Ala.1987).
However, I do not understand this Court’s opinion on original submission as constituting authority for the general proposition that an otherwise time-barred wantonness claim may be revived by the application of the six-year limitations period set out in McKenzie. With respect to the welding-rod manufacturers’ argument that the applicable period of recovery for damages could not constitutionally extend back more than two years from the date Jerkins filed his action, I note that there appears to be authority to the contrary. In Cazalas v. Johns-Manville Sales Corp., *17 435 So.2d 55 (Ala.1988), the rationale of which was not challenged on original submission and is not challenged on rehearing, this Court held that, at least in certain instances, § 95 would not necessarily restrict the applicable period of recovery for damages concomitant with a new limitations period. This Court stated: “While § 95 would prohibit the legislature from reviving a cause of action which had become barred by lapse of time, there is no constitutional requirement that damages be apportioned to conform with the prescriptive period for filing an action.” 435 So.2d at 57. This Court did not address this issue on original submission; any reexamination of Cazalas must await a specific challenge to the logic of its holding.
With respect to the arguments of amici curiae that this Court has inadvertently held that otherwise barred claims may be revived, I note that the United States Judicial Panel on Multi-District Litigation consolidated in the United States District Court for the Northern District of Ohio, Eastern Division (“the MDL court”), in its certification, provided this Court with a limited procedural background of the mul-ti-district litigation, as well as certain relevant, undisputed facts. The specific questions certified were framed under and based upon the facts of Jerkins’s case, which I understood to be representative of other Alabamians with wantonness claims now pending before the MDL court. Jerkins’s action was filed after this Court’s decision in McKenzie, and his alleged exposure to welding fumes was essentially continuous from 1979 through about 2008. Applying the limitations period set out in McKenzie, see Crawford, 631 So.2d at 881 (noting that “generally the statute of limitations to be applied is that which is in effect when the action is filed”), and the continuing-exposure rule of Garrett v. Raytheon Co., 368 So.2d 516 (Ala.1979), to Jerkins’s action, this Court concluded on original submission that his action was clearly not time-barred. This Court was not faced with the issue whether a claim was being revived by the application of the six-year limitations period to Jerkins, i.e., the kind of issue illustrated by the example provided by amici curiae in their rehearing application.
In sum, the concerns expressed on rehearing, although in my view worthy of serious consideration, are outside the scope of the specific questions certified to this Court and thus must await resolution another day.