MALONE,
Chief Justice.
Tate & Lyle Sucralose, Inc. (“TLS”), petitions this Court for a writ of mandamus directing the Washington Circuit Court to vacate its December 1, 2010, order denying TLS’s motion to dismiss and to enter an order dismissing as time-barred the negligence and wantonness claims asserted by William C. Anderson, Jr., against TLS. We conclude that Anderson failed to exercise due diligence in ascertaining TLS’s identity and that that failure bars his attempt to amend his complaint to substitute TLS for a fictitiously named defendant so as to avoid the application of the statute of limitations to bar his negligence claims. We also conclude that, as to Anderson’s wantonness claims, the limitations period has not yet expired. We therefore grant the petition in part and deny it in part and issue the writ.

Facts and Procedural History

On or about November 8, 2006, Anderson allegedly was injured by toxic fumes while he was employed at an industrial plant in McIntosh (“the McIntosh plant”). Anderson filed his complaint on November 4, 2008, in the Washington Circuit Court, naming as defendants Tate & Lyle PLC (“TLP”), a corporation based in London, England, and several fictitiously named defendants. Anderson asserted a variety of claims under theories of negligence and wantonness.
On January 5, 2009, TLP filed a motion to dismiss Anderson’s claims against it for lack of personal jurisdiction under Rule 12(b)(2), Ala. R. Civ. P., and requested that the trial court certify the dismissal as final pursuant to Rule 54(b), Ala. R. Civ. P. Accompanying the motion was an affidavit of TLP’s secretary and general counsel. The affiant testified that TLP did not own the McIntosh plant, did not own any property of any kind in Alabama, did not have an agent for service of process in Alabama, and did not conduct any business in Alabama.
The trial court scheduled a hearing on TLP’s motion for February 16, 2010. On February 5, 2010, without having filed any response to TLP’s motion, Anderson moved to continue the hearing. The trial court granted Anderson’s motion and rescheduled the hearing for August 10, 2010. On August 9, 2010, still without having filed any response to TLP’s motion, Anderson amended his complaint to substitute TLS, a Delaware corporation with its principal place of business in Illinois, for one of the fictitiously named defendants. The hearing on TLP’s motion to dismiss was held on August 10, and the trial court granted the motion by an order entered the same day. On September 3, 2010, the trial court directed the clerk to enter the judgment and assessed costs against Anderson.
TLS filed its own motion to dismiss on September 20, 2010. TLS based its motion on the expiration of the two-year statute of limitations in Ala.Code 1975, § 6-2-38(0. On October 29, 2010, TLS filed an affidavit of an officer of TLS who had knowledge of the “Tate & Lyle family of *1220 companies.” The officer testified that TLP and TLS are “separate and distinct corporations” and that TLS owned and operated the McIntosh plant at all times relevant to Anderson’s complaint.
The trial court heard TLS’s motion to dismiss on November 2, 2010, and entered an order denying TLS’s motion without explanation on December 1, 2010. TLS filed its petition in this Court on January 10, 2011.

Standard of Review

“ ‘ “A writ of mandamus is an extraordinary remedy, and it ‘will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ” ’
“Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003)_ A writ of mandamus is the proper means by which to seek review of a denial of a motion to dismiss filed by a party originally listed as a fictitiously named defendant ‘when “the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue.” ’ Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594, 596-97 (Ala.2005) (quoting Ex parte Snow, 764 So.2d 581, 537 (Ala.1999))....”
Ex parte Nationwide Ins. Co., 991 So.2d 1287, 1289-90 (Ala.2008).

Analysis

Because Anderson’s negligence claims are subject to the two-year statute of limitations in § 6-2-38(l), in order for those claims to survive, Anderson’s amended complaint filed on August 9, 2010, must relate back to his original complaint filed on November 4, 2008. Thus, as to Anderson’s negligence claims, the question presented by this petition is whether Anderson’s amended complaint substituting TLS for a fictitiously named defendant relates back to the filing of the original complaint, thereby bringing Anderson’s negligence claims against TLS within the applicable two-year statute of limitations. Rules 9(h) and 15(c)(4), Ala. R. Civ. P., “ ‘allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted.’ ” Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594, 597 (Ala.2005) (quoting Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995)). Rule 9(h) provides:
“When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.”
Rule 15(c)(4) states: “An amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).”
To avoid the bar of a statute of limitations when a plaintiff amends a complaint to identify a fictitiously named defendant, the plaintiff
“(1) must state a cause of action against the party named fictitiously in the body of the original complaint and (2) must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was in fact the party intended to be sued.”
Crawford v. Sundback, 678 So.2d 1057, 1059 (Ala.1996). This Court has further *1221 stated that the original complaint must adequately describe the fictitiously named defendant. Fulmer, 654 So.2d at 46. TLS does not dispute that Anderson stated a cause of action or that he adequately described TLS’s roles relating to the McIntosh plant in his initial complaint, when TLS was identified only as a fictitiously named defendant.
Finally, for a plaintiff to be deemed ignorant of the identity of a fictitiously named defendant, the plaintiff must have exercised due diligence to identify the party intended to be sued:
“A plaintiff is ignorant of the identity of a fictitiously named defendant when, after exercising due diligence to ascertain the identity of the party intended to be sued, he lacks knowledge at the time of the filing of the complaint of facts indicating to him that the substituted party was the party intended to be sued. Likewise, to invoke the relation-back principle of Rule 15(c), a plaintiff, after filing suit, must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendant and to amend his complaint accordingly.”
Ex parte FMC Corp., 599 So.2d 592, 593-94 (Ala.1992). The test for determining whether a plaintiff exercised due diligence to obtain the identity of a fictitiously named defendant is “whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously.” Davis v. Mims, 510 So.2d 227, 229 (Ala.1987).
As evidence of due diligence, this Court looks to, among other things, whether the plaintiff has conducted formal or informal discovery. “Although it is true that formal discovery is not the only method of determining the identity of a fictitiously named defendant, it commonly is vital to demonstrating due diligence because it provides objective evidence of the plaintiffs case activity.” Ex parte Hensel Phelps Constr. Co., 7 So.3d 999, 1004 (Ala.2008). The conducting of formal discovery does not necessarily prove due diligence, however. See, e.g., Jones v. Resorcon, Inc., 604 So.2d 870, 373 (Ala.1992) (finding a lack of due diligence where the plaintiff failed to seek a court order permitting inspection of a fan after the defendant refused to allow the plaintiffs requested access to the fan; inspection of the fan that allegedly caused the plaintiffs injury would have revealed the name of the fan’s manufacturer).
This Court has found a lack of due diligence even when a plaintiff has conducted both formal and informal discovery. See, e.g., Ex parte Mobile Infirmary Ass’n, 74 So.3d 424 (Ala.2011) (finding a lack of due diligence where the plaintiff had inquired informally of defense counsel as to who should be the proper defendants, had searched the Alabama Secretary of State’s Web site, and had propounded interrogatories directed at determining the proper identities of the defendants, but waited until after the limitations period had expired to amend the complaint). See also Crowl v. Kayo Oil Co., 848 So.2d 930 (Ala.2002) (finding a lack of due diligence where the plaintiff was relying on interrogatories to determine the identities of the defendants, and the defendants never answered the interrogatories).
To support the contention that his attorney exercised due diligence to obtain the identity of the owner and operator of the McIntosh plant before filing his initial complaint, Anderson states that his attorney reviewed correspondence, newspaper articles, and magazine articles given to him by Anderson showing the owner of the facility as “Tate & Lyle PLC.” Anderson also states that his attorney reviewed an *1222 employee handbook provided to employees at the McIntosh plant that referred to “Tate & Lyle” but never specifically to TLS. Anderson states that his attorney was thereby “satisfied” at the time of filing the original complaint that TLP was the owner and operator of the McIntosh plant.
Anderson then states:
“During the pendency of this action, [Anderson’s attorney] continued to work on this case and didn’t become privy to any information which would lead him to believe that Tate & Lyle[ ] PLC wasn’t the correct record owner of the McIntosh plant.... During the time leading up to the hearing set for August 10, 2010, [Anderson] had reviewed the file and pleadings and was ignorant of the fact that Tate & Lyle PLC was not the correct party defendant.”[1]
In Ex parte Mobile Infirmary and Crowl, this Court concluded that a plaintiffs conducting discovery — formal and informal — will not, in some instances, constitute due diligence. “Continuing to work on” a case by reviewing the file and the pleadings to determine the identity of a fictitiously named defendant without otherwise attempting discovery or investigation of any kind, as Anderson states his attorney did, would not likely constitute due diligence in any instance.
Further, TLP filed its motion to dismiss on January 5, 2009, seeking dismissal expressly on the ground it was not the owner or operator of the McIntosh plant and therefore was not a correct party defendant. Thus, Anderson’s attorney was in fact privy to information at that point that put him on notice that TLP might not be the owner of the McIntosh plant. A motion to dismiss filed by the only named defendant in Anderson’s personal-injury action should have commanded the attention of Anderson’s attorney and elicited a reasonably diligent response. Instead, Anderson states in his brief that his attorney was unaware of the substance of TLP’s motion to dismiss while the motion was in the attorney’s possession for 18 months.
Viewing the facts asserted by Anderson in his brief in light of the pleadings filed in the trial court, we conclude that Anderson failed to exercise due diligence in ascertaining the true identity of the owner and operator of the McIntosh plant. Anderson’s lack of due diligence prevents the amended complaint from relating back to his original complaint. The two-year statute of limitations for negligence claims therefore was not tolled, and those claims against TLS are time-barred.
Although our resolution of the relation-back issue disposes of Anderson’s negligence claims, it does not resolve his wantonness claims. This Court has applied to wantonness claims both the two-year limitations period provided in Ala. Code 1975, § 6—2—38(i), see, e.g., Boyce v. Cassese, 941 So.2d 932, 945 (Ala.2006), and the six-year period provided in Ala.Code 1975, § 6-2-34(1), see McKenzie v. Killian, 887 So.2d 861 (Ala.2004). To resolve this discrepancy, this Court, in Ex parte Capstone Bldg. Corp., [Ms. 1090966, June *1223 3, 2011] (Ala.2011), overruled McKenzie to the extent it held that the six-year statute of limitations found in § 6-2-34(1) applied to a claim of wantonness and “reaf-fírm[ed] the proposition that wantonness claims are governed by the two-year statute of limitations now embodied in § 6-2-38(l).” We specified in Capstone, however, that “litigants whose causes of action have accrued on or before the date of this decision [i.e., June 3, 2011] shall have two years from today’s date to bring their action unless and to the extent that the time for filing their action under the six-year limitations period announced in McKenzie would expire sooner.” Because Anderson’s wantonness claims accrued on November 8, 2006, the six-year statute of limitations announced in McKenzie does not expire until November 8, 2012. Therefore, for purposes of his wantonness claims there is no relation-back issue and Anderson’s amended complaint filed on August 9, 2010, was timely filed.
Mandamus relief is granted only when the petitioner has a clear legal right to the order sought. TLS cannot have a legal right to dismissal of Anderson’s wantonness claims on the ground that they are time-barred because the statutory limitations period governing those claims has not yet expired.
Because of our disposition of this appeal on the above-stated grounds, we pretermit discussion of the other issues raised on appeal.

Conclusion

Based on the foregoing, we conclude that TLS has met the requirements for the issuance of a writ of mandamus as to its negligence claims. TLS has demonstrated a clear legal right to have Anderson’s negligence claims against it dismissed as time-barred under the applicable two-year statute of limitations. The trial court had a duty to dismiss Anderson’s negligence claims against TLS because Anderson did not exercise due diligence in ascertaining TLS’s identity before or after he filed his original complaint. As to the negligence claims, TLS does not have another adequate remedy. Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000) (an appeal is not an adequate remedy in “a narrow class of cases involving fictitious parties and the relation-back doctrine” when a defendant argues that the plaintiffs claims are barred by the statute of limitations). TLS has properly invoked the jurisdiction of this Court. Anderson’s wantonness claims, however, are not time-barred, and TLS is not entitled to mandamus relief as to those claims.
Accordingly, we grant the petition in part and deny it in part, and we issue the writ directing the Washington Circuit Court to vacate its December 1, 2010, order denying TLS’s motion to dismiss and to enter an order granting TLS’s motion to dismiss Anderson’s negligence claims against it as time-barred.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
WOODALL, STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs specially.

. For all that appears in the materials before us, Anderson’s attorney relied exclusively on documents and information provided to him by Anderson to determine the identity of the correct defendant and did no investigation of his own into official property, tax, or corporation records. Such a practice does not rise to the level of due diligence in light of TLP’s January 2009 motion to dismiss that put Anderson's attorney on notice that he might not have correctly identified the defendant. See, e.g., Ex parte Hensel Phelps, 7 So.3d at 1003 (”[I]t is incumbent upon the plaintiff to exercise due diligence to determine the true identity of defendants both before and after filing the original complaint.”).