COBB, Chief Justice
(dissenting [from original opinion of June 3, 2011]).
I respectfully dissent. The majority opinion simply puts forward the opposing *100 arguments this Court rejected in McKenzie v. Killian 887 So.2d 861 (Ala.2004). In McKenzie, the Court detailed the law of trespass and trespass on the case and its application, which application had resulted in years of ongoing confusion regrading the proper limitations period governing willful and wanton torts. The Court stated:
“The problem presented by the dependence upon causality is illustrated by the problematic result of allowing a less culpable wrongdoer to be exposed to a significantly longer statutory limitations period than that applicable to a more culpable wrongdoer, depending upon the character of force applied. See the Webb article[1] for discussion of these anomalies. See also Justice Jones’s dissenting opinion in Strozier [v. Marchich, 380 So.2d 804, 806 (Ala.1980) ]. Justice Jones succinctly summed up the case for ending the confusion:
“ ‘Whatever vestige of the outmoded direct/indirect distinction between trespass and trespass on the case still exists in Alabama, I would now abandon and adopt instead the more modern tort concept of measuring the cause of action in terms of the degree of culpability of the alleged wrongful conduct. Wanton conduct, as that term is traditionally used and understood in the jurisprudence of our State, signifies the intentional doing of, or failing to do, an act, or discharge a duty, with the likelihood of injury to the person or property of another as a reasonably foreseeable consequence. Such conduct, resulting in injury, is actionable in trespass and governed by the six-year statute of limitations, in my opinion.
“ ‘The rationale for my view comports with the fundamental concepts of our fault-based system of tort law. One who injures another, or another’s property, as a result of conduct intentionally committed should be held to a higher degree of accountability than one who injures another through a simple lack of due care. Just as the former, because of its higher degree of culpability, carries a potential for punitive damages, so should it also carry a longer period within which to enforce accountability for such intentional wrong. One who knowingly sets into motion, by intentionally doing (or failing to do) an act, a sequence of events resulting in reasonably foreseeable injury to another, whether the resulting injury is immediate or consequential, in my opinion, has committed a trespass within the contemplation of the six-year statute of limitations.
“ ‘Indeed, I have searched in vain for possible alternative policy considerations for limiting the period of accountability in certain tort cases to one year and in other cases to six years. I submit that the only logical, as well as the only defensible, basis for this difference is the extent of the wrong or the degree of culpability.’
“Strozier, 380 So.2d at 809-10 (emphasis added; footnote omitted). We embrace this reasoning today.”
887 So.2d at 870.
The essential rationale of McKenzie was the recognition that wantonness is injury *101 caused another by one who intentionally engages in conduct that he or she knows is likely to result in that injury. Today, the majority simply contradicts that rationale by asserting that wantonness, as generalized intentional conduct, is as distinct from specific intentional conduct as it is from negligence, which involves no intentional conduct. I respectfully disagree, and I believe that the distinction should be apparent from any examination of the situations in which these concepts of tort law are applied. Thus, if one who is in a crowd accidently drops a loaded firearm that discharges and injures another, the actionable tort is negligence. If that person intentionally discharges the firearm into a crowd and injures another, the actionable tort is wantonness. And if that person intentionally fires the firearm at a particular person and injures that person the tort becomes assault and battery. Unlike the tort of negligence, in both wantonness and assault and battery, there is intent to cause injury. That is, in both the wanton shooting and the assault and battery, there is intentional conduct. Accordingly, the proper limitations period is the six-year period governed by the concept of “trespass” in § 6-2-34(1), Ala.Code 1975, in concert with the concept of assault and battery. This is why I believe that McKenzie was correctly decided and why the majority errs in its opinion today.
I note further the particularly distressing problem with the Court’s willingness to disregard the critical judicial policy of stare decisis. As noted in McKenzie, the law in Alabama concerning the proper legal analysis of wantonness was not settled and was in fact based on confusing and inconsistent discussions of causality rather than culpability. McKenzie represented a thorough and persuasive discussion of the proper legal policy to be applied; now, seven years later, the Court states that the limitations period for wanton torts will henceforth be two years. With respect to the application of the doctrine of stare decisis, this Court has employed the following test from Ex parte First Alabama Bank, 883 So.2d 1236, 1245 (Ala.2003):
“Justice Houston, writing specially in Southern States Ford, Inc. v. Proctor, 541 So.2d 1081 (Ala.1989), embraced a useful standard for weighing the need for change against the advantages of settled principles of law under the doctrine of stare decisis. He posed the question as follows: whether the ratio decidendi of earlier precedent would ‘“hypothetically be consented to today by the conscience and the feeling of justice of the majority of all those whose obedience is required by [that] rule of law?” ’ Southern States Ford, Inc., 541 So.2d at 1093 (quoting Laun, Stare Decisis, 25 Va. L.Rev. 12, 22 (1938)).”
See also Prattville Mem’l Chapel v. Parker, 10 So.3d 546 (Ala.2008). So, would the judiciary and citizenry of this State approve this Court’s decision to limit the period of determining the liability of one who fires blindly into a crowd to the same period as one whose discharge of the firearm is truly an accident? I think not. I believe that this Court’s willingness to change its basic pronouncements of the law as its composition changes undermines its judicial authority and equates the Court with some sort of “other legislature” to the detriment of all the courts in this State. I therefore dissent.

. Linda Suzanne Webb, Limitation of Tort Actions under Alabama Law: Distinguishing between the Two-year and the Six-year Statutes of Limitations, 49 Ala. L.Rev. 1049 (Spring 1998).