William Earl Malsch and Andrew Stuart Leyda sued Bell Helicopter Textron, Inc. ("Bell Helicopter"), and other defendants based on injuries they suffered as a result of a helicopter crash that occurred in February 2002. Bell Helicopter moved to dismiss the action on grounds of forum non conveniens
pursuant to § 6-5-430, Ala. Code 1975. The trial court granted the motion and dismissed the action. Malsch and Leyda appeal. We affirm.
 I.
On February 14, 2002, a United States Marine Corps helicopter crashed while on a night-vision training mission in the Chocolate Mountains in California. Four crewmembers, including Malsch and Leyda, were aboard the helicopter when it crashed. Malsch and Leyda were severely injured; the two other crewmembers died. On January 5, 2004, Malsch and Leyda sued Bell Helicopter, the manufacturer of the helicopter, and numerous other entities alleged to have been involved in the production and maintenance of the helicopter or its parts in the Superior Court of California, San Diego County.
Because there was a question regarding the timeliness of the California action — specifically whether it was subject to a one- or two-year statute of limitations — Malsch and Leyda thereafter filed substantially identical actions in both Mississippi and Alabama, both of which have unambiguous two-year statutes of limitations for the action.[1] The Alabama action, filed on February 12, 2004, in the Madison Circuit Court, alleged negligence and/or wantonness, a product-liability claim based on the Alabama Extended Manufacturer's Liability Doctrine, breach of warranty, and negligent failure to warn.
On March 17, 2004, Bell Helicopter moved the Madison Circuit Court to dismiss the Alabama action pursuant to § 6-5-430, Ala. Code 1975, the forum non conveniens statute. After hearing oral argument on the issue, the court granted Bell Helicopter's motion and dismissed the action against Bell Helicopter on July 21, *Page 602 
2004.[2] Malsch and Leyda moved the court to modify its order; the court denied the motion. Malsch and Leyda appealed.
Meanwhile, in the California action, Bell Helicopter filed a response alleging that Malsch and Leyda's action was barred by the one-year statute of limitations provided in Cal.Civ.Proc. Code § 340 (West 1982), because, it argued, the one-year statute of limitations was the controlling statute at the time of the accident. In November 2004, Malsch and Leyda moved the Superior Court in San Diego County for a judgment on the pleadings seeking to strike Bell Helicopter's statute-of-limitations defense and to obtain a ruling that their action was instead controlled by Cal.Civ.Proc. Code § 335.1 (West 2005), which had become effective on January 1, 2003 — after the accident, but before the running of the then one-year statutory period of limitations — and which extended the statutory limitations period in which to file a personal-injury claim to two years. The Superior Court granted Malsch and Leyda's motion and held that their action was subject to the two-year limitations period in Cal.Civ.Proc. Code § 335.1.
Bell Helicopter requested that Superior Court certify its ruling on the statute-of-limitations issue for immediate appeal; however, the court declined to do so. Therefore, Bell Helicopter's appeal of this issue, if the trial court enters a final judgment in favor of Malsch and Leyda, will not be heard until after the trial is completed. Malsch and Leyda accordingly claim that the statute-of-limitations issue in California may not be completely resolved for "several years."
 II.
Alabama's forum non conveniens statute, § 6-5-430, Ala. Code 1975, provides:
 "Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort[,] has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal."
Under this statute, a defendant seeking dismissal of an action on the basis of forum non conveniens must show, first, that the plaintiff's claims arose outside of Alabama, and second, that an alternative forum exists. Ex parte Integon Corp.,672 So.2d 497, 499 (Ala. 1995). If that alternative *Page 603 
forum is a more appropriate forum based on the location of the acts giving rise to the action, the convenience of the parties and witnesses, and the interest of justice, then the trial court is compelled to dismiss the action without prejudice. Ex parteKia Motors America, Inc., 881 So.2d 396, 400 (Ala. 2003). In reviewing the dismissal of an action pursuant to § 6-5-430, we must determine whether the trial court exceeded its discretion in dismissing the action. Donald v. Transport Life Ins. Co.,595 So.2d 865, 867 (Ala. 1992); Ex parte General Nutrition Corp.,855 So.2d 475, 478 (Ala. 2003).
 III.
In this case, the appellants, Malsch and Leyda, do not dispute that their claims arose outside Alabama; rather, they argue that Bell Helicopter failed to establish the existence of an alternative forum outside Alabama.[3] While Malsch and Leyda acknowledge that they presently have a forum available to them in California, they argue that the California Court of Appeals and/or the Supreme Court of California might, in a future appeal by Bell Helicopter, rule that their action is subject to the one-year statute of limitations in Cal.Civ.Proc. Code § 340
rather than the two-year statute of limitations in Cal.Civ.Proc. Code § 335.1. Malsch and Leyda argue that such a ruling would, in effect, mean that California had never been an available forum for them. For this reason, Malsch and Leyda argue that the Madison Circuit Court's order dismissing their case should be made contingent on either: (1) Bell Helicopter's agreeing not to appeal the Superior Court's ruling on the statute-of-limitations issue; or (2) the California Court of Appeals and/or the Supreme Court of California's affirming the Superior Court's decision on that point of law. Only then, Malsch and Leyda argue, will it have been sufficiently established that California is an available forum for their action.
Malsch and Leyda's argument is not persuasive. The California Superior Court has already issued a well-reasoned order deciding the statute-of-limitations issue in Malsch and Leyda's favor. That order states, in pertinent part:
 "The Court finds that this case is governed by [Cal.Civ.Proc. Code § 335.1], the two-year statute of limitations rather than the one-year statute of limitations provided by [Cal.Civ.Proc. Code § 340]. The amendment applies retroactively to this action and serves to extend the statute of limitations because the limitations period had not expired prior to the filing of [Malsch and Leyda's] action. `It is the settled law of this state that an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted.' . . . [Mudd v. McColgan, 30 Cal.2d 463, 183 P.2d 10
(1947)]."
The court also had sufficient confidence in its decision that it denied Bell Helicopter's request to certify the order for immediate appeal. Accordingly, we may conclude that the court saw no "controlling question of law as to which there are substantial grounds for difference of opinion." See Cal.Civ.Proc. Code §166.1 ("Upon the written request of any party or his or her counsel, or at the judge's discretion, a judge may indicate in any interlocutory order a belief that there is a controlling question of law as to which there are substantial *Page 604 
grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of the litigation.").
While Malsch and Leyda acknowledge that the order of the California Superior Court strongly indicates that the two-year statute of limitations applies to their claims and that California is accordingly a presently available forum, they claim in the brief to this Court not to have full confidence in that decision because Cal.Civ.Proc. Code § 335.1 "is so new that it has not yet been addressed by any California appellate court." However, while that statement may have been true at the time they filed their appeal, it is no longer the case. In Andonagui v.May Department Stores Co., 128 Cal.App.4th 435,27 Cal.Rptr.3d 145 (2005), an opinion issued on April 13, 2005, the California Court of Appeals considered this issue and reached the same conclusion as did the Superior Court in the present case, stating, in pertinent part:
 "A new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect. (Douglas Aircraft Co. v. Cranston (1962) 58 Cal.2d 462, 465, 24 Cal.Rptr. 851, 374 P.2d 819 (Douglas); Mudd v. McColgan
(1947) 30 Cal.2d 463, 468, 183 P.2d 10 (Mudd); Thompson v. City of Shasta Lake (E.D.Cal. 2004) 314 F.Supp.2d 1017, 1024 (Thompson).) The newly enlarged limitations period will apply retroactively, reviving actions that are already time-barred, only if the Legislature expressly stated such an intent. (Douglas, supra, 58 Cal.2d at p. 465, 24 Cal.Rptr. 851, 374 P.2d 819; Thompson, supra, 314 F.Supp.2d at p. 1024.) `These rules afford warning to potential defendants that until the statute of limitations has run it may be extended, whereas after it has run, they may rely upon it in conducting their affairs.' (Douglas, supra, 58 Cal.2d at p. 465, 24 Cal.Rptr. 851, 374 P.2d 819.)
 "When plaintiff allegedly sustained her injuries on December 15, 2002, the statute of limitations then in effect for personal injuries was one year. (§ 340, subd. (3); Krupnick v. Duke Energy Morro Bay (2004) 115 Cal.App.4th 1026, 1028, 9 Cal.Rptr.3d 767
(Krupnick).) By legislation which became effective on January 1, 2003, the statute of limitations in effect when plaintiff filed her action on April 6, 2004 was two years. (§ 335.1; Krupnick, supra, 115 Cal.App.4th at p. 1028, 9 Cal.Rptr.3d 767.) The one-year statute of limitations (§ 340, subd. (3)) had not barred her action at the time the two-year statute of limitations (§ 335.1) became effective. Plaintiff's action is governed by the two-year statute of limitations in effect when she filed her action (§ 335.1) rather than the one-year statute of limitations in effect at the time she allegedly sustained her injuries (§ 340, subd. (3)).
 "Citing Krupnick, supra, 115 Cal.App.4th 1026, 9 Cal.Rptr.3d 767, defendant argues that section 335.1 has no retroactive application to plaintiff's action. Defendant correctly notes that when the Legislature enacted the two-year statute of limitations under section 335.1, it made its application retroactive only to actions brought by the victims of the terrorist attacks of September 11, 2001. (Stats. 2002, C. 448, § 1, subds.(c), (d); Code Civ. Proc., § 340.10, subds. (a) (b); Krupnick, supra, 115 Cal.App.4th at p. 1029, 9 Cal.Rptr.3d 767.) Defendant argues that by expressly making 335.1 retroactive to actions brought by victims of the terrorist attacks of September 11, 2001, the Legislature intended to exclude all other retroactive applications *Page 605 
of the statute. Application of section 335.1 to this case, however, is not, as defendant argues, a matter of retroactivity, and, thus, defendant's reliance on Krupnick, is unavailing.
 "In Krupnick, the plaintiff contended that section 335.1 `operated retroactively to revive his lapsed
claim.' (Krupnick, supra, 115 Cal.App.4th at p. 1028, 9 Cal.Rptr.3d 767, [emphasis] added.) Plaintiff alleged he sustained injuries on January 26, 2001. (Id. at p. 1027, 9 Cal.Rptr.3d 767.) He did not file his action until January 8, 2003. (Ibid.) Under the one-year statute of limitations applicable when he sustained his injuries, he had only until January 26, 2002 to file his complaint. (Id. at p. 1028, 9 Cal.Rptr.3d 767.) The court held that section 335.1 did not apply to plaintiff's action because it was time-barred prior to the January 1, 2003 effective date of the new two-year statute, and section 335.1 did not operate retroactively to revive his already time-barred action. (Id. at pp. 1028-1029, 9 Cal.Rptr.3d 767.) Here, by contrast, plaintiff allegedly sustained her injuries on December 15, 2002, and her claim was but 17 days old and not time-barred when section 335.1 became effective on January 1, 2003. Thus, unlike the plaintiff in Krupnick or the victims of the terrorist attacks of September 11, 2001 — whose claims would have been barred as of September 11, 2002 (i.e., before section 335.1 became effective) — plaintiff's action did not have to be revived through retroactive application of section 335.1."
Thus, there is now authority from the California Court of Appeals, which there was not when Malsch and Leyda initiated their Alabama action, to support the California Superior Court's conclusion that Malsch and Leyda's claims are subject to the two-year statute of limitations provided for by Cal.Civ.Proc. Code § 335.1. In light of that fact, and inasmuch as it appears that the California action is currently proceeding toward a resolution in the Superior Court of San Diego County, we conclude that California is in fact an alternative forum available to Malsch and Leyda.[4]
In Alabama, the doctrine of forum non conveniens is a mandatory policy. See § 6-5-430 ("[T]he courts of this stateshall apply the doctrine of forum non conveniens" and "if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state . . . *Page 606 
the court must dismiss the action without prejudice." (emphasis added)). Therefore, because we have determined that California is an available forum for Malsch and Leyda's action, and because Malsch and Leyda have not argued that Alabama is nevertheless a more appropriate forum than California, the doctrine of forumnon conveniens must be applied.
Furthermore, Malsch and Leyda's argument that this Court should make the dismissal of their case contingent on either Bell Helicopter's agreeing to waive any future appeal based on the statute-of-limitations issue or on the California Court of Appeals and/or the Supreme Court of California's affirming the Superior Court's decision on that point of law would require us to invade the province of the trial court. Malsch and Leyda cite the following language in § 6-5-430 in support of their argument:
 "[A dismissal on forum non conveniens grounds] may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal."
Section 6-5-430 provides that a dismissal based on the ground offorum non conveniens "may be conditioned upon" the defendant's agreeing to certain conditions. (Emphasis added.) Notably, the statute uses the permissive "may," as opposed to the mandatory "shall," thus evincing the legislature's intent to bestow upon the trial court some measure of discretion in deciding when to impose those conditions. We cannot say that the Madison Circuit Court exceeded its discretion by declining to impose on its dismissal the conditions requested by Malsch and Leyda, even though another trial court might be within its discretion if it were to reach the opposite conclusion.
 IV.
Bell Helicopter has established that Malsch and Leyda's claims arose outside Alabama and that an alternative forum exists in California. Because the requirements of § 6-5-430 have been met, the Madison Circuit Court's decision to dismiss Malsch and Leyda's complaint on forum non conveniens grounds is affirmed.
AFFIRMED.
SEE, HARWOOD, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
LYONS and SMITH, JJ., dissent.
[1] Jurisdiction for the Alabama action was apparently based on the inclusion of Camber Corporation, a defense contractor headquartered in Huntsville, Alabama, as a defendant. The record does not indicate the basis for jurisdiction in Mississippi or the procedural history of the case proceeding in that jurisdiction.
[2] In response to an order of this Court noting that the judgment dismissing Bell Helicopter was a nonfinal judgment, the trial court entered an "Amended Order of Dismissal," dismissing all the defendants on forum non conveniens grounds.
[3] Malsch and Leyda have not argued that, in the event California is found to be an available forum, Alabama is nevertheless a more appropriate forum. Therefore, if we determine that California is an available forum, we need not consider whether the trial court was correct that California is a more appropriate forum.
[4] This conclusion is bolstered by the fact that California, like Alabama, gives effect to the doctrine of judicial estoppel, which precludes a party from gaining an unfair advantage by first asserting one position in a court and later asserting a second, incompatible, position. In Aguilar v. Lerner, 32 Cal.4th 974,986-87, 88 P.3d 24, 30, 12 Cal.Rptr.3d 287, 295 (2004), the Supreme Court of California stated:
 "The doctrine applies when: `(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' (Jackson v. County of Los Angeles (1997) 60 Cal.App.4th 171, 183, 70 Cal.Rptr.2d 96; Scripps Clinic v. Superior Court
(2003), 108 Cal.App.4th 917, 943, 134 Cal.Rptr.2d 101.)"
In moving for a dismissal in the Madison Circuit Court based on § 6-5-430, Bell Helicopter has asserted that California is a more appropriate forum for this litigation. Bell Helicopter prevailed on that assertion and was granted the dismissal it sought. A California appellate court is certainly entitled to consider the procedural history of this case in Alabama, along with the relevant caselaw relating to the doctrine of judicial estoppel in its own state, were Bell to continue to assert, in the face of Aguilar, that the action is time-barred in California.