On Application for Rehearing

LYONS, Justice.
This Court’s opinion of November 14, 2008, is withdrawn, and the following is substituted therefor.
The appellants in this action (“the former employees”) are several hundred former employees of Arvin Industries d/b/a Arvin-Meritor, Inc. (“Arvin”). The former employees sued Arvin and several of their co-employees, alleging that they had suffered injuries as a result of exposure to toxic chemicals while employed by Arvin. Through an amended complaint, the former employees added 64 other named defendants (“the new defendants”), who they alleged manufactured or sold Arvin the chemicals and equipment that injured the former employees. The former employees appeal from the Fayette Circuit Court’s dismissal of their claims against the new defendants. We reverse and remand.
This is the second time this case has come before this Court. See Ex parte International Refining & Mfg. Co., 972 So.2d 784 (Ala.2007) (“International Refining ”). In International Refining, we described the facts and procedural background as follows:
“On November 13, 2003, Bell Carr, Jr., and approximately 320 other former employees at a manufacturing plant operated by Arvin Industries d/b/a Arvin-Meritor, Inc. (hereinafter ‘the [former employees]’), sued Arvin-Meritor and six individual defendants, also former employees at the plant, where automotive mufflers were manufactured. The complaint alleged that up until the closing of the plant in May 2002, the [former employees] suffered harm from ‘exposure to toxic and dangerous chemicals’ that were flushed from the manufacturing machines and eventually circulated into a large pit, which the [former employees] were responsible for draining and cleaning. In addition to these seven defendants, the original complaint fictitiously named 40 other defendants in the caption and in the body of the complaint.
“On May 6, 2005, approximately three years after their last exposure to the chemicals, the [former employees] filed their first amended complaint, seeking to add 64 new named defendants, including the petitioners, in place of the fictitiously named defendants (hereinafter ‘the new defendants’), 113 new plaintiffs, as well as additional fictitiously named defendants. The [first] amended complaint reasserted the five claims asserted in the original complaint, but only against the seven original defendants. The first amended complaint also alleged claims of negligence, wantonness, liability under the Alabama Extended Manufacturer’s Liability Doctrine, civil *950 conspiracy, and the tort of outrage, but only against the new defendants.”
972 So.2d at 787.
Regarding wantonness, the former employees alleged in count 6 of the first amended complaint that the new defendants had “wantonly engineered, designed, developed, configured, manufactured, assembled, distributed, and/or sold the chemicals” and other products that the former employees were exposed to through their work at Arvin. The former employees also alleged in count 13 that 5 of the new defendants had “wantonly engineered, designed, ... manufactured, ... sold, inspected or consulted regarding the design, engineering, manufacturing, production, distribution and/or warnings associated with” the equipment used in Arvin’s manufacturing process.
“On June 14, 2005, the new defendants removed the case to the United States District Court for the Northern District of Alabama pursuant to the Class Action Fairness Act (‘CAFA’), 28 U.S.C. § 1453. The district court remanded the five original claims against the seven original defendants to the Fayette Circuit Court because they did not fall within the CAFA. The district court also determined that the claims in the amended complaint against the new defendants did not relate back under Alabama law and did not constitute what it referred to as an ‘interstate case of national importance.’ Accordingly, the new claims asserted and the parties added in the amended complaint fell within the exception to federal jurisdiction under CAFA in 28 U.S.C. § 1332(d)(ll)(B)(ii)(I), and the district court also remanded the remaining claims to the Fayette Circuit Court.
“Upon remand, the new defendants filed motions to dismiss, or, in the alternative, for a summary judgment, on the ground that the claims asserted against them in the amended complaint did not relate back to the date of the filing of the original complaint and are thus barred by the two-year statute of limitations. See § 6-2-38(Z), Ala.Code 1975. The trial court conducted a hearing and denied the motions. The new defendants sought a certification to file a permissive appeal under Rule 5, Ala. R.App. P., but the trial court denied the request for the certification. The [new defendants] then filed [a] petition for a writ of mandamus.”
International Refining, 972 So.2d at 787-88 (footnote omitted).
This Court granted the new defendants’ petition and issued the writ of mandamus. We concluded in International Refining that the claims the former employees stated against the new defendants in the first amended complaint did not relate back to the claims they stated against the fictitiously named defendants identified in their original complaint. 972 So.2d at 791. Because the first amended complaint was filed in May 2005, three years after the former employees’ last possible exposure to the allegedly toxic chemicals, any new claims stated in that complaint, which were subject to a two-year statutory limitations period, see § 6 — 2—38(¿), Ala.Code 1975, were time-barred and due to be dismissed. 972 So.2d at 791.
We noted in International Refining that the former employees argued “that some of their claims nonetheless survive, because, they say, those claims fall within a six-year statute of limitations.” 972 So.2d at 791. See § 6-2-34, Ala.Code 1975. However, we declined to reach the question whether a six-year statute of limitations applied to any of the former employees’ claims against the new defendants, stating:
*951 “That issue ... is not before us; our mandamus review extends to reviewing the denial of motions for a dismissal or for a summary judgment that asserted a statute-of-limitations defense only as to fictitious-party practice. See [Ex parte] Stover, 663 So.2d [948,] 951-52 [(Ala.1995) ]. The extent to which the amended complaint, filed within six years of the events made the basis of the action but not within two years thereof, states claims not barred by the two-year statute of limitations is a question not before us.”
972 So.2d at 791. Therefore, we “reversed the trial court’s order denying the motions to dismiss, or for a summary judgment, and we remand[ed] the case for further proceedings, including a determination of the extent to which any claims are timely, without the availability of the relation-back doctrine.” 972 So.2d at 791.
On remand, the new defendants filed motions to dismiss or, in the alternative, for a summary judgment, on the ground that all the claims asserted against them were subject to the two-year limitations period stated in § 6-2-38(Z), Ala.Code 1975, and were due to be dismissed pursuant to this Court’s decision in International Refining. The former employees responded, arguing that their wantonness claims involved trespass to the person and, under McKenzie v. Killian, 887 So.2d 861 (Ala.2004), were subject to the six-year limitations period stated in § 6-2-34(1), Ala.Code 1975. The former employees conceded that their other claims against the new defendants were subject to the two-year limitations period and, without the availability of the relation-back doctrine, were due to be dismissed.
On August 16, 2007, the former employees amended their complaint a second time. The second amended complaint stated that it was “intended to clarify the allegations contained in the Complaint and the First Amended Complaint in the wake of [International Refining ].” It also stated that “no new plaintiffs or defendants [were] added by way of [the] amendment” and that “all claims stated [therein arose] out of the conduct, transaction, or occurrences set forth in the First Amended Complaint [and] no new causes of action [were] stated by way of [the] amendment.” The second amended complaint asserted only a workers’ compensation claim against Arvin, a wantonness claim against the new defendants, and a separate wantonness claim against five of the new defendants who the former employees alleged had provided the equipment Arvin used in its manufacturing process.[1]
The wantonness claim asserted against the new defendants in the second amended complaint stated, in relevant part:
“[The new defendants] acted willfully and/or wantonly, and committed trespass to the persons of the former employees, in that the said defendants consciously acted or omitted to act, and in that they willfully and wantonly engineered, designed, developed, configured, manufactured, assembled, distributed and/or sold [the chemicals and other products] that resulted in physical impact to the persons of the former employees and injured the former employees, and in that the defendants acted or omitted a duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury would likely or probably result to the former employees, in reckless *952 or conscious disregard of the rights or safety of the former employees.”
The wantonness claim asserted against the five new defendants who the former employees alleged had provided equipment to Arvin stated similar allegations.
The new defendants moved to strike the second amended complaint. However, the trial court did not rule on the motion to strike. Instead, the trial court concluded in its eventual ruling on the new defendants’ motions to dismiss that, because the second amended complaint purported to state no new cause of action and to arise out of the same conduct and occurrences stated in the first amended complaint, the claims stated in the second amended complaint were subject to the same analysis as those in the first amended complaint. The new defendants argued that the wantonness claims in the first and second amended complaints were subject to a two-year limitations period because, they said, the claims were based on a products-liability theory. The new defendants relied on Malsch v. Bell Helicopter Textron, Inc., 916 So.2d 600, 601 (Ala.2005); Boyce v. Cassese, 941 So.2d 932, 945-46 (Ala.2006); Gilmore v. M & B Realty Co., 895 So.2d 200, 207-09 (Ala.2004); and Smith v. Medtronic, Inc., 607 So.2d 156, 159 (Ala.1992). Based on this authority, on February 4, 2008, the trial court entered an order dismissing all the former employees’ claims against the new defendants. The former employees’ claims against Arvin remained pending; however, the trial court certified its February 4, 2008, order as final pursuant to Rule 54(b), Ala. R. Civ. P. The former employees filed a timely notice of appeal to this Court.
The standard of review of an order granting a motion to dismiss was set out in Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993):
“On appeal, a dismissal is not entitled to a presumption of correctness. ... The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief. ... In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [the plaintiff] may possibly prevail. ... We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
The former employees argue on appeal that their wantonness claims against the new defendants are based in trespass to the person and are subject to the six-year limitations period stated in § 6-2-34(1), Ala.Code 1975. Section 6-2-34(1) provides, in relevant part, that actions “for any trespass to person or liberty, such as false imprisonment or assault and battery” must be commenced within six years. The former employees argue, therefore, that the trial court erred in dismissing their wantonness claims. The former employees rely, as they did before the trial court, on McKenzie v. Killian, 887 So.2d 861 (Ala.2004).
The new defendants argue in response that the former employees’ wantonness claims are based on a products-liability theory and are therefore subject to the two-year limitations period found in § 6-2-38(i), Ala.Code 1975. That section provides: “All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.” The new defendants base their argument on Malsch v. Bell Helicop *953 ter Textron, Inc., 916 So.2d 600 (Ala.2005); Boyce v. Cassese, 941 So.2d 932 (Ala.2006); Gilmore v. M & B Realty Co., 895 So.2d 200 (Ala.2004); and Smith v. Medtronic, Inc., 607 So.2d 156 (Ala.1992).
In McKenzie v. Killian, the plaintiff asserted a wantonness claim against a motorist whose vehicle collided with hers. In response to the defendant’s summary-judgment motion on statute-of-limitations grounds, the plaintiff argued that her wantonness claim was grounded in trespass and was thus subject to the six-year limitations period of § 6-2-34(1). The trial court entered a summary judgment for the defendant. Relying on Lowery v. Densmore, 739 So.2d 1115, 1116 (Ala.Civ.App.1998), for the proposition that “trespass is an intentional or wanton direct application of force by a defendant,” the trial court concluded that the plaintiff had not presented substantial evidence to support a finding of willful or wanton application of force by the defendant.
On appeal, the plaintiff argued that her wantonness claim was an action in trespass, not trespass on the case; that intent should be irrelevant to determining whether the action was subject to the six-year statute of limitations; and that she had presented substantial evidence showing “direct force.” To determine whether the wantonness claim was subject to the six-year limitations period of § 6-2-34(1), this Court stated: “[I]t is not possible to explain our rejection of Lowery v. Densmore, [739 So.2d 1115 (Ala.Civ.App.1998),] stated as controlling by the trial court in its order finding the evidence insufficient, without first addressing the standard by which the statute of limitations is applied to allegations of negligence and wantonness.” 887 So.2d at 866. We then analyzed Alabama caselaw regarding the distinction between trespass and trespass on the case and adopted the reasoning of Justice Jones’s dissenting opinion in Strozier v. Marchich, 380 So.2d 804, 806 (Ala.1980):
“ ‘Whatever vestige of the outmoded direct/indirect distinction between trespass and trespass on the case still exists in Alabama, I would now abandon and adopt instead the more modern tort concept of measuring the cause of action in terms of the degree of culpability of the alleged wrongful conduct. Wanton conduct, as that term is traditionally used and understood in the jurisprudence of our State, signifies the intentional doing of, or failing to do, an act, or discharge a duty, with the likelihood of injury to the person or property of another as a reasonably foreseeable consequence. Such conduct, resulting in injury, is actionable in trespass and governed by the six-year statute of limitations, in my opinion.’ ”
McKenzie, 887 So.2d at 870 (quoting Strozier, 380 So.2d at 806 (Jones, J., dissenting)(emphasis added)). We then stated: “We embrace this reasoning today. ... [Wjanton conduct is the equivalent in law to intentional conduct. Such an allegation of intent renders the six-year statutory period of limitations applicable.” Id.
This Court thus abandoned any determination of whether the six-year statute of limitations applies based on the presence of direct force to cause the injury in a claim alleging wantonness. In so holding, “[w]e overrule[d] Sasser [v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973),] and its progeny to the extent that those cases prefer the theory of causality over intent as the mechanism for distinguishing between actions for trespass and trespass on the case.” McKenzie, 887 So.2d at 870. Based on our adoption of an intent-based analysis to determine whether the six-year statute of limitations applies to a wantonness claim, this Court affirmed the trial court’s summary judgment because the *954 plaintiff in McKenzie had not presented substantial evidence of the defendant’s intent necessary to support a claim of wantonness.
In this case, the former employees alleged that the new defendants engaged in wanton conduct in manufacturing and selling toxic chemical products and the equipment Arvin used in its manufacturing process. That wanton conduct, the former employees alleged, proximately resulted in their physical injuries. We stated in McKenzie: “[W]anton conduct is the equivalent in law to intentional conduct. Such an allegation of intent renders the six-year statutory period of limitations applicable.” 887 So.2d at 870. We also adopted Justice Jones’s conclusion that wanton conduct, “ ‘resulting in injury, is actionable in trespass and governed by the six-year statute of limitations.’ ” Id. (quoting Strozier, 380 So.2d at 806 (Jones, J., dissentingXemphasis added)). Based on the analysis adopted in McKenzie, because the former employees have alleged wanton conduct by the new defendants, which resulted in injury to them, their wantonness claims are subject to the six-year limitations period of § 6-2-34(1).
The new defendants argue that our decision in McKenzie to adopt an intent-based analysis is dicta. However, our opinion necessarily addressed the arguments the plaintiff in McKenzie raised on appeal. Furthermore, we expressly stated that the determination regarding an intent-based analysis was necessary because of the trial court’s reliance upon Lowery v. Densmore, supra, which had used a direct-force analysis. Accordingly, our discussion of the caselaw regarding intent versus direct force and our ultimate adoption of an intent-based analysis was necessary to our opinion in McKenzie. Furthermore, we cannot reasonably characterize our decision to overrule Sasser v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973), and the line of cases following it as dicta.
The new defendants next argue that, even if the McKenzie analysis is not dicta, the analysis should not apply in produets-liability cases. First, they argue that Smith v. Medtronic, Inc., supra, established a rule that all wantonness claims in produets-liability cases are subject to the two-year limitations period of § 6-2-38(i). This Court’s opinion in Medtronic stated: “An action alleging negligence, wantonness, or liability under the [Alabama Extended Manufacturer’s Liability Doctrine] must be brought within two years after the cause of action accrued. See Ala.Code 1975, § 6-2-38(0.” 607 So.2d at 159. However, the determinative question in Medtronic involved when the claims of the former employees in Medtronic accrued. Nothing in our opinion suggests that the former employees in Medtronic ever argued that a longer statute of limitations applied. Therefore, we cannot say that this Court’s statement in Medtronic, without argument or analysis regarding the application of a longer limitations period, established a separate rule for produets-liability cases independent of the rule subsequently announced in McKenzie. In any event, to the extent Medtronic can be read as announcing a rule of law as to the statute of limitations in produets-liability cases, for all that appears that holding was based on the now discredited preference for causality over intent.
The new defendants also rely on gratis dictum [2] in Malsch v. Bell Helicopter Tex- *955 tron, Inc., 916 So.2d 600 (Ala.2005); Boyce v. Cassese, 941 So.2d 932 (Ala.2006); and Gilmore v. M & B Realty Co., 895 So.2d 200 (Ala.2004), to support their argument that, even after McKenzie, a separate rule for products-liability actions exists. In Malsch, an action arising out of a helicopter crash, this Court stated, without analysis, that both Mississippi and Alabama had “unambiguous two-year statutes of limitations for the action,” which included a claim of wantonness. 916 So.2d at 601. However, Malsch involved a forum non conveniens determination, and this Court did not analyze the statutes of limitation applicable to the claims of the former employees in Malsch beyond the above-quoted statement. No party in Malsch argued that a longer statute of limitations should apply. Absent a more detailed analysis and a direct challenge to the rule announced in McKenzie, Malsch cannot reasonably be read as either deciding the issue of the application of McKenzie in a products-liability ease or creating an exception to McKenzie.
In Boyce, an action arising from a dispute regarding the use of the plaintiffs’ real property by a golf club, this Court stated: “Like fraud claims, negligence and wantonness claims are governed by a two-year statute of limitations. See § 6-2-38(2), Ala.Code 1975.” 941 So.2d at 945. As in Malsch, it does not appear that the plaintiffs in Boyce ever argued that the analysis in McKenzie or a longer statute of limitations was applicable to their claims. Indeed, our opinion does not show that the plaintiffs in Boyce suffered any injury as would render their clams subject to the analysis announced in McKenzie. Furthermore, because Boyce did not involve products-liability claims, our opinion in that case does not support the argument that this Court has established a rule requiring a shorter limitations period in products-liability actions.
Finally, in Gilmore, a case in which the plaintiffs alleged that a realtor had sold them the wrong house, we noted that the plaintiffs “concede[d] that § 6 — 2—38(2), Ala.Code 1975, prescribes a two-year statute of limitations for their negligence and wantonness claims, measured upon the date of injury.” 895 So.2d at 207. Our statement regarding the plaintiffs’ concession in Gilmore does not indicate a decision by this Court to limit McKenzie. As in Boyce, there is no indication in Gilmore that the issue was ever raised, and we cannot say that this statement of the plaintiffs’ concession regarding the statute of limitations in an action involving real property supports the argument by the new defendants that the application of McKenzie should be limited in products-liability actions.
Accordingly, the cases the new defendants cite do not show that this Court has created an exception to McKenzie for products-liability actions, and we have found no authority providing a basis for such an exception. The former employees in this case have alleged that the new defendants engaged in wanton conduct that resulted in injury to them. Accordingly, under the analysis announced in McKenzie, supra, the six-year limitations period of § 6-2-34(1) applies. We find no rational basis upon which to distinguish McKenzie so as to render its holding inapplicable. The former employees can prove a set of circumstances that would entitle them to relief, see Nance, 622 So.2d at 299; therefore, the trial court erred in dismissing the former employees’ wantonness claims. We reverse its decision as to those claims and remand the case for further proceedings consistent with this opinion.
APPLICATION OVERRULED; OPINION OF NOVEMBER 14, 2008, *956 WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
COBB, C.J., and WOODALL and PARKER, JJ., concur.
SEE, STUART, SMITH, and BOLIN, JJ., concur in overruling the application for rehearing and concur in the result as to the opinion.

. It is unclear from the record on appeal whether the former employees’ claims against their co-employees have been resolved.

. " 'An opinion given in Court ..., if not necessary to the judgment given of record, but that it might have been as well given, if no such, or a contrary opinion had been broached, is no judicial opinion, no more than a gratis dictum.' ” Planters’ & Merchants’ Bank v. Walker, 7 Ala. 926, 944 (1845).