THOMPSON, Presiding Judge.
William “Toby” Walker appeals from a portion of a summary judgment entered by the Tuscaloosa Circuit Court in favor of Capstone Building Corporation (“Capstone”). For the reasons stated herein, we reverse that portion of the summary judgment from which Walker appeals, and we remand the cause for further proceedings.
Walker filed an action against Capstone and several fictitiously named parties on July 10, 2007. He alleged that Capstone had been the general contractor on a construction job on which he had worked. Walker alleged that, on July 12, 2005, while working at the construction site, he *72 stepped on a manhole cover, which flipped over, causing him to fall partially into the manhole and causing him serious injury. He asserted that Capstone had been responsible for providing a safe work environment at the site but that it had failed in that responsibility. Walker alleged that Capstone previously had been made aware that the manhole cover that had flipped over was not properly secured and was unsafe because of a previous accident involving the same manhole cover. He alleged that Capstone’s failure to properly secure the manhole cover constituted negligence or wantonness.
On April 20, 2009, Capstone filed a motion to dismiss or, in the alternative, for a summary judgment. It contended that the evidence developed during discovery demonstrated that the incident giving rise to Walker’s action occurred on June 6, 2005, not on July 12, 2005, as alleged in the complaint. As a result, Capstone argued, Walker’s claims alleging negligence and wantonness were barred by the two-year statute of limitations set forth in § 6-2-38, Ala.Code 1975. In support of its motion, Capstone submitted, among other things, the incident report generated as a result of the accident forming the basis of Walker’s action, deposition excerpts, and affidavits. Walker filed a response to Capstone’s motion in which he argued that there was a question of fact as to when the incident occurred and that, even if his negligence claim was barred by the applicable statute of limitations, his claim of wantonness was, he maintained, subject to a six-year statute of limitations that had not run at the time he filed his action.
On April 23, 2009, Walker filed an amended complaint in which he sought to add a claim alleging that Capstone had “committed trespass” against him with regard to its failure to maintain a safe work environment. Capstone argued in reply that Walker had filed his amended complaint less than 42 days before the first trial setting in the matter and had failed to obtain leave of court to do so as required by Rule 15, Ala. R. Civ. P. Thus, Capstone argued, Walker’s amended complaint was due to be stricken.
On August 10, 2009, the trial court granted Capstone’s motion and entered a summary judgment in its favor.[1] The trial court also found that Walker’s attempt to amend his complaint was untimely and that he had not obtained leave to amend his complaint as required by Rule 15, Ala. R. Civ. P. After the trial court denied Walker’s motion to alter, amend, or vacate the judgment, Walker filed a timely appeal to our supreme court, which transferred his appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Walker presents a single issue on appeal: What is the statute of limitations for a claim of wantonness? This is a purely legal question, which this court reviews de novo. See Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).
Walker contends that the statute of limitations applicable to wantonness claims is set forth in § 6-2-34(1), Ala.Code 1975, which provides that “[ajctions for any trespass to person or liberty, such as false imprisonment or assault and battery,” are subject to a six-year statute of limitations. He argues that, because it is undisputed *73 that his action was filed within six years of the date on which he was allegedly injured, the trial court erred when it entered a summary judgment in favor of Capstone as to his wantonness claim.[2] In asserting that argument, Walker relies on our supreme court’s decisions in McKenzie v. Killian, 887 So.2d 861 (Ala.2004), and Carr v. International Refining & Manufacturing Co., 13 So.3d 947 (Ala.2009) (plurality opinion).
In McKenzie, the plaintiff stopped her vehicle on an interstate highway while a previous vehicular accident was cleared. Two vehicles entering the interstate highway from an on-ramp collided with the plaintiffs stopped vehicle. The plaintiff sued the driver of one of the vehicles and several fictitiously named defendants, alleging claims of negligence and wantonness. The plaintiff later amended her complaint to substitute the driver of the other vehicle for one of the fictitiously named defendants.
The substituted defendant filed a motion for a summary judgment in which, among other things, he argued that because the plaintiff had not been ignorant of his identity, the claims against him did not relate back to the time the plaintiff had filed her action. Instead, he argued, the action was barred as to him because the plaintiffs negligence and wantonness claims were governed by a two-year statute of limitations, and the plaintiff had substituted him for a fictitiously named defendant more than two years after the accident giving rise to the plaintiffs action. The plaintiff responded that her wantonness claim was governed by the six-year statute of limitations applicable to claims of trespass to the person. The trial court entered a summary judgment in favor of the defendant.
On appeal, the supreme court determined that the plaintiffs wantonness claim was governed by the six-year statute of limitations applicable to claims of trespass to the person rather than a two-year statute of limitations. The court first resolved the difference between trespass, which is governed by the six-year statute of limitations, and trespass on the case, which is governed by a two-year statute of limitations. The court recognized that “[t]he distinction between trespass and trespass on the case has been a quagmire in Alabama jurisprudence for many years,” 887 So.2d at 866, and that there were two competing theories regarding the differentiation between those torts. On the one hand, many cases had held that a claim of trespass required the application of direct force to the plaintiff while a claim of trespass on the case required only an indirect application of force to the plaintiff. Id. at 867-69 (discussing Sasser v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973); and Pan American Petroleum Co. v. Byars, 228 Ala. 372, 153 So. 616 (1934)). On the other hand, many cases had implied, if not directly held, that the dividing line between the two torts was based not on the cause of the plaintiffs injury but on the defendant’s intent in inflicting that injury; a willful infliction of injury constituted trespass while a negligent infliction of injury constituted trespass on the case. Id. at 866-67 (discussing Crotwell v. Cowan, 240 Ala. 119, 198 So. 126 (1940); City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389 (1903); Pruitt v. Ellington, 59 Ala. 454 (1877); and Bell’s Administrator v. Troy, 35 Ala. 184 (1859)). Following a thorough discussion of the cases supporting each theory, the supreme court determined that the appropriate distinction between the *74 torts was the defendant’s intent in causing the injury rather than the directness of the injury inflicted. The court adopted Justice Jones’s dissenting opinion in Strozier v. Marchich, 380 So.2d 804, 806 (Ala.1980), in which he had written:
“ ‘Whatever vestige of the outmoded direct/indirect distinction between trespass and trespass on the case still exists in Alabama, I would now abandon and adopt instead the more modern tort concept of measuring the cause of action in terms of the degree of culpability of the alleged wrongful conduct. Wanton conduct, as that term is traditionally used and understood in the jurisprudence of our State, signifies the intentional doing of, or failing to do, an act, or discharge a duty, with the likelihood of injury to the person or propeHy of another as a reasonably foreseeable consequence. Such conduct, resulting in injury, is actionable in trespass and governed by the six-year statute of limitations, in my opinion.
“ ‘The rationale for my view comports with the fundamental concepts of our fault-based system of tort law. One who injures another, or another’s property, as a result of conduct intentionally committed should be held to a higher degree of accountability than one who injures another through a simple lack of due care. Just as the former, because of its higher degree of culpability, carries a potential for punitive damages, so should it also carry a longer period within which to enforce accountability for such intentional wrong. One who knowingly sets into motion, by intentionally doing (or failing to do) an act, a sequence of events resulting in reasonably foreseeable injury to another, whether the resulting injury is immediate or consequential, in my opinion, has committed a. trespass within the contemplation of the six-year statute of limitations.
‘“Indeed, I have searched in vain for possible alternative policy considerations for limiting the period of accountability in certain tort cases to one year and in other cases to six years. I submit that the only logical, as well as the only defensible, basis for this difference is the extent of the wrong or the degree of culpability.’
“Strozier, 380 So.2d at 809-10 ([final] emphasis added [in McKenzie ]; footnote omitted).”
887 So.2d at 870 (all but final emphasis added).
Having determined that the six-year statute of limitations governing trespass provided the appropriate statute of limitations for the plaintiffs wantonness claim,[3] the court then addressed the trial court’s alternate basis for having entered the summary judgment, that the plaintiff had failed to present substantial evidence of wantonness. Concluding that substantial evidence did not support the plaintiffs wantonness claim, the supreme court affirmed the trial court’s judgment as to the wantonness claim on that alternative basis.[4]
*75 In Carr v. International Refining & Manufacturing Co., the other case on which Walker relies, the plaintiffs, several hundred individuals, sued their former employer alleging that they had been injured by their exposure to toxic chemicals during the course of their employment with the employer. The plaintiffs later amended their claim to add, among others, 64 companies as defendants that, the plaintiffs alleged, had sold the employer the toxic chemicals and equipment that had injured the plaintiffs. The added defendants filed a motion to dismiss or, in the alternative, for a summary judgment in which they asserted, among other things, that, because the plaintiffs’ wantonness claim against them was based on products liability rather than on trespass, that claim was governed by a two-year statute of limitations. They argued that, because they were added to the action more than two years after the date of the plaintiffs’ last exposure to the allegedly toxic chemicals, the plaintiffs’ wantonness claim was barred as to them. The trial court granted the added defendants’ motion and dismissed, among other claims, the plaintiffs’ wantonness claim against them.
Relying on McKenzie, supra, the plaintiffs contended on appeal that their wantonness claim against the added defendants was based on trespass to the person and that, as a result, that claim was governed by a six-year statute of limitations. The added defendants responded that the plaintiffs’ wantonness claim was based on a products-liability theory and that, as a result, it was governed by a two-year statute of limitations. Justice Lyons, in the main opinion, which was joined by three other justices, summed up the effect of the supreme court’s McKenzie decision:
“This Court[, in McKenzie,} abandoned any determination of whether the six-year statute of limitations applies based on the presence of direct force to cause the injury in a claim alleging wantonness. In so holding, ‘[w]e overrule[d] Sasser [v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973),] and its progeny to the extent that those cases prefer the theory .of causality over intent as the mechanism for distinguishing between actions for trespass and trespass on the case.’ McKenzie, 887 So.2d at 870. Based on our adoption of an intent-based analysis to determine whether the six-year statute of limitations applies to a wantonness claim, this Court affirmed the trial court’s summary judgment because the plaintiff in McKenzie had not presented substantial evidence of the defendant’s intent necessary to support a claim of wantonness.”
13 So.3d at 953-54. Applying McKenzie to the case before the court, the main opinion then stated:
“In this case, the former employees alleged that the new defendants engaged in wanton conduct in manufacturing and selling toxic chemical products and the equipment [the employer] used in its manufacturing process. That wanton conduct, the former employees alleged, proximately resulted in their physical injuries. We stated in McKenzie: ‘[W]anton conduct is the equivalent in law to intentional conduct. Such an allegation of intent renders the six-year statutory period of limitations applicable.’ 887 So.2d at 870. We also adopted Justice Jones’s conclusion that wanton conduct, ‘ “resulting in injury, is actionable in trespass and governed by the six-year statute of limitations.” ’ Id. (quoting Strozier, 380 So.2d at 806 (Jones, J., dissenting) (emphasis added [in Carr ])). Based on the analysis adopted in McKenzie, because the former employees have alleged wanton conduct by the new defendants, which resulted in injury to them, their wan *76 tonness claims are subject to the six-year limitations period of § 6-2-34(1).”
13 So.3d at 954 (second emphasis added).
Justice See authored a special writing in which he summed up his reason for concurring in the result reached by the plurality opinion:
“I concurred in McKenzie v. Killian, 887 So.2d 861 (Ala.2004), the controlling precedent in this case. Nonetheless, its application in this case is troubling. I concur in the result reached by the main opinion because (1) McKenzie is the current applicable law, (2) I do not believe that McKenzie can be distinguished from this case, and (3) this Court has not been asked to overrule McKenzie.”
13 So.3d at 956 (See, J., concurring in overruling the application for rehearing and concurring in the result as to the main opinion). Thus, the main opinion and Justice See’s special writing indicated that at least five justices, a majority of the supreme court, were of the view that McKenzie provides that claims of wanton conduct are governed by a six-year statute of limitations rather than a two-year statute of limitations.
Walker contends that McKenzie and Carr control the outcome of the present appeal. He argues that because the trial court’s summary judgment as to his wantonness claim was based on the application of a two-year statute of limitations rather than on the appropriate six-year statute of limitations, and because he filed his wantonness claim against Capstone within six years of the date of his accident at the job site, the trial court’s judgment is in error and is due to be reversed.
Capstone responds that the Alabama Code does not provide a specific statute of limitations for wantonness claims, and, as a result, it asserts, Walker’s wantonness claim, which is based on personal injury, is subject to the two-year statute of limitations provided in § 6-2-38(1), Ala. Code 1975, which provides: “All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.” It cites several cases in which the supreme court indicated that wantonness claims are governed by a two-year statute of limitations, and it argues that McKenzie and Carr are “outlier opinions” that have caused confusion with regard to the applicable statute of limitations for wantonness. It asserts that McKenzie and Carr do not provide the applicable rule of law in this case because, in both of those cases, the personal-injury claims were based on allegations of trespass while, in the present case, Walker has indicated that he did not allege that Capstone committed trespass or any other intentional act.
We glean from McKenzie and Carr the following principles, which, in our view, govern this action. First, a claim of wantonness against a defendant resulting in personal injury to the plaintiff is, in legal effect, a claim that the plaintiff was injured by an intentional act or an intentional failure to act on the part of the defendant, rather than by a negligent act or failure to act on the part of the defendant. Second, the intentional nature of the harm caused by the defendant in injuring the plaintiff results in the application of the six-year statute of limitations governing trespass claims, rather than the two-year statute of limitations that typically applies to personal-injury claims based in negligence.
In the present case, Walker alleged that Capstone acted with wantonness and, in so doing, caused his personal injuries. Based on the holding in McKenzie and the plurality opinion in Carr, we must conclude that Walker’s wantonness claim is governed by *77 the six-year statute of limitations applicable to trespass claims, rather than the two-year statute of limitations the trial court applied. As such, the trial court’s summary judgment with regard to Walker’s wantonness claim is due to be reversed.
We note Capstone’s argument that, if McKenzie and Carr require this court to apply a six-year statute of limitations to Walker’s wantonness claim, those decisions represent unconstitutional attempts by our supreme court to create a separate cause of action for wantonness, even though the Alabama Code does not enumerate such a claim, as well as a judicial attempt to amend the statute of limitations provided by the Alabama Code. As such, Capstone argues, McKenzie and Carr should be overruled.
We will not address the merits of this contention. This court is bound by the decisions of our supreme court, and we are not at liberty to overrule those decisions or to choose not to follow them. See State Farm Mut. Auto. Ins. Co. v. Carlton, 867 So.2d 320, 325 (Ala.Civ.App.2001) (“This court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala. Code 1975, and we have no authority to overrule that court’s decisions.”). We recognize that a majority of the members of the supreme court did not join the main opinion in Carr; however, as previously noted, Justice See’s opinion concurring in the result reached in Carr demonstrates that a majority of the members of the supreme court deciding that case were of the view that McKenzie provides that claims of wantonness are subject to a six-year statute of limitations. So long as McKenzie is binding on this court, we must and we will apply its holding.
Based on the foregoing, we conclude that the trial court erred when it concluded that Walker’s wantonness claim is barred by a two-year statute of limitations. As a result, we reverse the trial court’s summary judgment as to the wantonness claim, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Despite the fact that Capstone tided its motion as a motion to dismiss or, in the alternative, for a summary judgment, the fact that the parties submitted materials outside of the pleadings in support of and in response to the motion, as well as the fact that the trial court necessarily relied on those materials in concluding that the statute of limitations barred Walker's claims, indicate that the motion was treated as one for a summary judgment rather than as a motion to dismiss. See Hornsby v. Sessions, 703 So.2d 932, 937-38 (Ala.1997).

. Walker does not contend that the trial court erred when it entered a summary judgment as to his negligence claim; therefore, the portion of the summary judgment related to Walker’s negligence claim is not before this court.

. We note Capstone's assertion that the supreme court’s determination in McKenzie that a six-year statute of limitations applies to wantonness claims constituted dicta. A majority of our supreme court's justices rejected that view in Carr v. International Refining & Manufacturing Co., discussed infra.

. The question whether substantial evidence supports Walker's wantonness claim is not before this court.